# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-893


**ROBERT L. GAUTHIER, CURATOR**
**VERSUS**
**CARENCRO NURSING HOME, INC.**
**D/B/A EVANGELINE OAKS GUEST HOUSE**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-5333
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***
## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.


<u>**APPEAL DISMISSED.    DEFENDANT PERMITTED**</u>
<u>**TO FILE AN APPLICATION FOR SUPERVISORY**</u>
<u>**WRIT NO LATER THAN OCTOBER 20, 2006.**</u>

**Nicholas Gachassin, Jr.**
**Renee Marie Credeur**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**Counsel for Defendant/Appellant:**
      **Carencro Nursing Home, Inc.**


**Cliffe Edward Laborde, III**
**Jennie Porche Pellegrin**
**LaBorde & Beuner**
**1001 W. Pinhook Rd., #200**
**Lafayette, LA 70503**
**(337) 237-7000**
**Counsel for Plaintiff/Appellee:**
      **Robert L. Gauthier**

SAUNDERS, Judge.

This court issued a rule to show cause directed to the defendant-appellant, Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House, to show cause by brief only why the appeal in the above captioned matter should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons given herein, we dismiss the appeal, but we hereby grant the defendant time within which to perfect a proper writ application from the ruling at issue.

The plaintiff brought the instant suit against the defendant seeking an award of damages allegedly resulting from the rape of a patient at the defendant's facility perpetrated by one of its employees during the course of their employment with the defendant. The defendant responded to the plaintiff's action by filing a dilatory exception of prematurity arguing that the plaintiff must first present this claim to a medical review panel prior to bringing suit in district court. The defendant also raised an exception of no cause of action, non-joinder of a party pursuant to La.Code Civ.P. arts. 641 and 642, and a motion to strike. At the conclusion of the hearing on the exceptions and motion on January 30, 2006, the trial court denied them. A judgment in conformity with this ruling was signed by the trial court on February 10, 2006.

On February 22, 2006, the defendant filed a motion for a suspensive appeal from the trial court's ruling. The trial court granted this motion on this date.

Upon the lodging of the record, this court issued, *sua sponte*, an order for the defendant to show cause why the appeal should not be dismissed. The defendant filed a response to this court's rule, and the plaintiff has filed an

1

opposition in response to the defendant's brief.

The legislature amended La.Code Civ.P. art. 2083 by 2005 La. Acts 205. The amended statute took effect on January 1, 2006. This statute now reads:

A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

C. An interlocutory judgment is appealable only when expressly provided by law.

The defendant contends in brief that the jurisprudence has held appealable, judgments denying an exception of prematurity filed in response to a plaintiff's failure to submit a medical malpractice claim to a medical review panel prior to filing suit in district court. However, the cases on which the defendant relies were decided prior to the 2005 amendment of Article 2083. This statute now clearly provides that an interlocutory judgment is appealable only when expressly provided by law. There being no law expressly providing for an appeal in this case, we find that the instant appeal must be dismissed.

However, the record reveals that the motion for appeal was filed within the thirty day time delay from the trial court's ruling for seeking a return date on an application for supervisory relief. These delays now having run, we find that justice mediates toward affording the defendant time within which to perfect a proper writ application from the trial court's ruling. Accordingly, we hereby order that the defendant be permitted to file a writ application in compliance with Uniform Rules—Courts of Appeal, Rule 4, seeking review of the subject judgment no later than October 20, 2006. The defendant is not required to file a notice of intent to seek writs nor obtain an order setting a

2

return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ. However, a copy of this court's opinion herein should be attached as an exhibit to the writ application, if filed.

**APPEAL DISMISSED. DEFENDANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRIT NO LATER THAN OCTOBER 20, 2006.**