# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1535


**A & B VALVE AND PIPING SYSTEMS, L.L.C.**
**VERSUS**
**COMMERCIAL METALS COMPANY**


**\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE NO. C-2009-2199
HONORABLE EDWARD BROUSSARD, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Marc T. Amy, and James T. Genovese, Judges.


**APPEAL DISMISSED.**
**REQUEST TO LIFT STAY DENIED.**

**Edward C. Abell, Jr.**
**Steven C. Lanza**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA 70502**
**(337) 237-2660**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **A & B Valve and Piping Systems, L.L.C.**

**John Zavitsanos**
**Deborah S. Pacholder**
**Ahmad, Zavitsanos, & Anaipakos**
**1221 McKinney Street, Suite 3460**
**Houston, TX 77010**
**(713) 655-1101**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **A & B Valve and Piping Systems, L.L.C.**

**Richard D. Chappuis, Jr.**
**Hoai T. Haong**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Commercial Metals Company**

**Michael L. Hood**
**Phillip B. Philbin**
**Jacob G. Hodges**
**Haynes & Boone**
**2323 Victory Avenue, Suite 700**
**Dallas, TX 75219**
**(214) 651-5000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Commercial Metals Company**

SAUNDERS , Judge.

The Defendant-Appellee, Commercial Metals Company, moves to dismiss the appeal of the Plaintiff-Appellant, A & B Valve and Piping Systems, L.L.C. For the reasons assigned, we grant the motion to dismiss the appeal and deny the request to lift the stay.

Appellant filed suit against Appellee seeking a declaratory judgment that Appellant was not obligated to pay for steel pipe which it had ordered from Appellee. Appellee filed an exception of prematurity seeking to have the matter referred to arbitration pursuant to an arbitration clause in contracts between the parties. At the hearing on the exception of prematurity, the trial court was required to determine whether Texas or Louisiana law applied to this case and whether there was an enforceable arbitration agreement between the parties. The trial court determined that Texas law applied and that pursuant to same, the parties are bound to submit the matter for arbitration. As such, the trial court granted the exception of prematurity and stayed the district court proceedings pending arbitration.

The trial court granted Appellant's motion to designate the judgment referring the case to arbitration as a final, appealable judgment. Although Appellant had filed a motion for appeal and an order of appeal had been signed by the trial court, Appellee proceeded with commencing arbitration proceedings. Appellant sought to have the trial court stay the arbitration proceedings until after the appeal was resolved; however, the trial court denied Appellant's motion for a stay on the ground that it no longer had jurisdiction over the matter. Therefore, Appellant filed, under this court's docket number 09-1427, an expedited application for supervisory writs seeking to have this court stay the arbitration proceedings. On November 25, 2009, this court issued an order staying the arbitration proceeding pending the appeal. The

1

appeal was subsequently lodged in this court, and Appellee filed the instant motion to dismiss the appeal.

Appellee asserts that this appeal should be dismissed because the judgment requiring the parties to submit the case for arbitration is not an appealable judgment. Pointing out that La.Code Civ.P. art. 1841 defines a final judgment as one that determines the merits of a case, Appellee contends that the judgment compelling arbitration is not final because it does not decide the merits of the case in whole or in part. In support of its position, Appellee cites *Collins v. Prudential Ins. Co. of America*, 99-1423 (La. 1/19/00), 752 So.2d 825, wherein the Louisiana Supreme Court held that a trial court's order compelling arbitration is an interlocutory judgment which is not immediately appealable. In light of the ruling in *Collins*, Appellee argues that the trial court erred when it granted Appellant's motion to certify the judgment at issue as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

Appellee argues that allowing an immediate appeal not only goes against the Louisiana Supreme Court's ruling in *Collins*, 752 So.2d 825, but it also goes against the Federal Arbitration Act (FAA), 9 U.S.C. § 1- 16. Appellee points out that the pipe that it sells is manufactured in foreign mills and transported to Appellee's company in Houston, Texas, before being purchased by Appellant's company which is located in Lafayette, Louisiana. As such, Appellee contends that interstate commerce is affected and, therefore, the FAA applies. Appellee asserts that the FAA favors arbitration agreements and that Section 16 of the FAA prohibits the appeal of an order compelling arbitration. Thus, Appellee contends that the application of La.Code Civ.P. art. 1915(B) to this case would permit an immediate appeal from a judgment which is not appealable under the FAA. According to Appellee, the

2

provisions of the FAA should prevail because the FAA preempts La.Code Civ.P. art. 1915(B). To that end, Appellee cites *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852 (1984), for the proposition that courts must enforce arbitration agreements covered by the FAA and that they cannot use state procedural laws to defeat the purposes advanced by the FAA.

In its opposition to the instant motion to dismiss, Appellant asserts that the judgment at issue is an appealable judgment. Appellant contends that the majority of the evidence and testimony presented at the hearing on the exception of prematurity addressed a choice of law dispute. Appellant further contends that after evaluating the choice of law issue, the trial court made a final, controlling decision that Texas law applies to this case. Also, Appellant points out that the trial court certified the judgment as immediately appealable pursuant to La.Code Civ.P. art. 1915(B). Thus, Appellant contends that the *Collins* case on which Appellee relies is distinguishable from the instant case because the judgment at issue in *Collins* was not certified as immediately appealable under Article 1915(B).

Also, Appellant argues that Appellee in incorrect in its assertion that the judgment at issue is not appealable under the FAA. Appellant points out that pursuant to 9 U.S.C. §16(b), appeals cannot be taken from interlocutory rulings except as provided in 28 U.S.C. § 1292(b). Appellant further points out that pursuant to 28 U.S.C. § 1292(b), federal appeals courts may permit an appeal to be taken from an otherwise unappealable ruling if the district judge states in the ruling that he is of the opinion that the ruling "involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal for that [ruling] may materially advance the ultimate termination of the litigation." In the instant case, Appellant contends that at the hearing on the exception of prematurity,

3

the trial court judge stated that the ruling on the choice of law issue was "not an easy decision." As such, Appellant contends that this case involves a "substantial ground for difference of opinion" as contemplated by 28 U.S.C. § 1292(b). Therefore, Appellant asserts that this appeal is allowable under federal law as well as state law.

We note that the judgment finding that the parties should submit their case for arbitration does not address any of the merits of Appellant's petition for a declaratory judgment. We also note that the judgment simply stays the trial court proceedings pending arbitration and does not dismiss the suit in its entirety. Thus, we find that the judgment on its face appears to be interlocutory in nature. Although the trial court designated the judgment as a final judgment, an appellate court is not bound by such a designation. *See Mitchell Co. v. Mucavil, Inc.*, 02-381 (La.App. 3 Cir. 10/1/03), 855 So.2d 426. However, this court is bound by the Louisiana Supreme Court's holding that "[a] judgment compelling arbitration is interlocutory in nature and not subject to an immediate appeal." *St. Bernard Memorial Funeral Home, Inc. v. Doody Group, Inc.*, 02-1675 (La. 8/5/02), 822 So.2d 599, 599 (*citing Collins*, 752 So.2d 825). Therefore, in the instant case, we hold that the trial court's designation of the judgment at issue as final for the purpose of an immediate appeal was improper. As such, we find that the Appellee's motion to dismiss this appeal should be granted. Inasmuch as we find that the judgment compelling arbitration is a non-appealable interlocutory judgment, not subject to being designated immediately appealable under La.Code Civ.P. art. 1915(B), there is no conflict with the FAA, and we, therefore, pretermit a determination of whether the FAA preempts the application of La.Code Civ.P. art. 1915(B) to certify a judgment as immediately appealable.

While we find that the judgment at issue is not appealable, this does not mean that the judgment is also not subject to supervisory review. *See Collins*, 752 So.2d

4

825. As stated by the Louisiana Supreme Court, "[a] court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981). In the instant case, we note that on November 25, 2009, this court granted Appellant's motion to stay the arbitration proceedings pending this appeal. When issuing the stay order, this court made a determination that, in the interest of justice, the arbitration proceedings should be stayed until after this court has reviewed the merits of the judgment holding that Texas law applies and that arbitration is required. In light of our prior determination that this case should not be submitted for arbitration until after this court has reviewed the merits of the conflict of law issues raised in this appeal, we find that this court should exercise its supervisory jurisdiction to review these issues.

Therefore, we hereby dismiss the instant appeal at Appellant's cost. However, we note that after Appellee filed its motion to dismiss the instant appeal, Appellant filed, under this court's docket number 10-68, an application for supervisory writs seeking review of the same judgment at issue in this appeal. As such, we find that the merits of the challenged judgment will be appropriately reviewed by this court in connection with that writ application.

Furthermore, to the extent that Appellee seeks to have this court lift its stay order of November 25, 2009, we hereby deny the request. As noted above, this court has previously made a determination that the merits of the conflict of law issue, as it pertains to the validity of the arbitration provision at issue, should be subjected to supervisory review before this matter proceeds to arbitration. Inasmuch as Appellee has manifested its intent to proceed with arbitration proceedings before these issues have undergone supervisory review, we decline to lift the stay order at this time.

5

**APPEAL DISMISSED.  REQUEST TO LIFT STAY DENIED.**