MICHAEL E. KIRBY, Judge.
 

 [ [Defendant, Strategic Alliance Partners, L.L.C. (“SAP”), appeals two trial court judgments: (1) the judgment of August 12, 2009 granting the rule to appoint an arbitrator filed on behalf of plaintiff, Barham, Warner & Bellamy, L.L.C. (“BWB”), and denying SAP’s motion to continue the hearing on that rule; and (2) the judgment of August 26, 2009 denying SAP’s motion for new trial.
 

 On June 4, 2009, BWB filed a rule to show cause, seeking an order from the trial court appointing an arbitrator to resolve a dispute between SAP and BWB relating to a subcontract agreement between the parties. BWB attached the subcontract agreement to the rule to show cause, and requested an expedited hearing in the matter. The subcontract agreement contains an arbitration clause.
 

 On July 22, 2009, SAP filed a motion to continue the hearing, which was set for July 23, 2009. SAP stated that it was seeking a continuance because it had recently retained counsel for this proceeding, and counsel needed additional time to become familiar with the issues in dispute. At the July 23, 2009 hearing, the trial court denied SAP’s motion to continue, and granted BWB’s rule to appoint an 12arbitrator. The court appointed Mitchell Joseph Landrieu to the arbitration panel. These rulings were rendered in open court on July 23, 2009, and the judgment was signed on August 12, 2009.
 

 SAP subsequently filed a motion for new trial, asking the trial court to reconsider its rulings included in the judgment of August 12, 2009. In its memorandum in support of the motion, SAP asked the court to withdraw its ruling denying SAP’s motion to continue. SAP also argued that the trial court’s ruling appointing an arbitrator was premature because the threshold issues of the validity and enforceability of the alleged agreement to arbitrate had
 
 *1151
 
 not been considered.
 
 [1]
 

 Attached to the motion for new trial was an affidavit from SAP’s owner and managing member, which stated that no one other than the managing member had the authority to execute any agreement on behalf of SAP.
 
 [2]
 
 The subcontract agreement at issue was signed by SAP’s Executive Director, and not by the managing member. By judgment signed on August 26, 2009, the trial court denied SAP’s motion for new trial, finding that the motion failed to raise any new issues for consideration, or any issues that would change the trial court’s previous decision.
 

 SAP filed a petition for suspensive appeal of the August 12, 2009 and August 26, 2009 judgments. In its petition, SAP requested that the trial court ^designate these judgments as appealable final judgments pursuant to La. C.C.P. Articles 1911-1915. The trial court issued an order granting the motion for suspen-sive appeal. Although the order did not include language specifically designating the judgments as final and appealable, the court prefaced the order with the phrase, “Considering the foregoing Petition for Suspensive Appeal of Defendant, Strategic Alliance Partners, L.L.C. (“SAP”).” We find that the trial court’s order granting the appeal incorporated by reference the request of SAP to designate the judgments appealed from as final and immediately appealable.
 

 Even though we find that the tidal court designated the judgments at issue as final judgments, we note that an appellate court is not bound by such a designation.
 
 A & B Valve and Piping Systems, L.L.C. v. Commercial Metals Company,
 
 2009-1535, p. 4 (La.App. 3 Cir. 1/27/10), 28 So.3d 1202, 1205. The judgment of August 12, 2009 included the granting of a rule to appoint an arbitrator and the denial of a motion for continuance. The granting of a rule to appoint an arbitrator is essentially a judgment compelling arbitration, which has been held to be interlocutory in nature and not subject to an immediate appeal.
 
 Collins v. Prudential Insurance Company of America,
 
 99-1423 (La.1/19/00), 752 So.2d 825;
 
 Ellis Construction, Inc. v. Vieux Carre Resort Properties, L.L.C.,
 
 2005-1109 (La.App. 4 Cir. 6/7/06), 934 So.2d 206;
 
 A & B Valve and Piping Systems, L.L.C. v. Commercial Metals Company, supra.
 
 The denial of a motion for continuance is also an interlocutory judgment that is generally not appealable unless an appealable judgment is rendered in the same case.
 
 Ballard v. Waitz,
 
 2006-0307, pp. 4-5 (La|App-4 1 Cir. 12/28/06), 951 So.2d 335, 338. Similarly, the denial of a motion for new trial is also an interlocutory judgment that is not generally appealable unless an appealable judgment is rendered in the same case.
 
 Wright v. Bennett,
 
 2004-1944, p. 20 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 190.
 

 
 *1152
 
 Because the rulings in the judgments of August 12, 2009 and August 26, 2009 are all interlocutory judgments, the trial court’s designation of these judgments as final for the purpose of an immediate appeal was improper.
 
 See A & B Valve and Piping Systems, L.L.C. v. Commercial Metals Company,
 
 2009-1535, p. 4 (La.App. 3 Cir. 1/27/10), 28 So.3d 1202, 1205. However, this Court has converted appeals of nonappealable interlocutory judgments to applications for supervisory writs in cases where the appeals were filed within the thirty day period allowed for the filing of applications for supervisory writs.
 
 See Ordoyne v. Ordoyne,
 
 2007-0235 (La.App. 4 Cir. 4/2/08), 982 So.2d 899;
 
 Ganier v. Inglewood Homes, Inc.,
 
 2006-0642 (La.App. 4 Cir. 11/8/06), 944 So.2d 753;
 
 Rule
 
 4-3,
 
 Uniform Rules
 
 — Courts
 
 of Appeal.
 

 In this case, the petition for suspensive appeal was filed on September 23, 2009. Because the petition for appeal was filed more than thirty days after the August 12, 2009 judgment, we cannot convert the appeal of the August 12, 2009 to an application for supervisory writs. The appeal of the August 12, 2009 interlocutory judgment must be dismissed.
 
 [3]
 

 | ¿However, the petition for appeal was filed within thirty days of the August 26, 2009 judgment denying SAP’s motion for new trial. Accordingly, we will convert the appeal of the August 26, 2009 judgment to an application for supervisory writs, and consider it under our supervisory jurisdiction.
 

 SAP sought a new trial pursuant to La. C.C.P. Articles 1972(1) and 1973. Article 1972(1) states that “[a] new trial shall be granted, upon contradictory motion of any party ... when the verdict or judgment appears clearly contrary to the law and the evidence.” Article 1973 provides that “[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
 

 In support of its motion for new trial, SAP filed a memorandum and the affidavit of Lawrence Blake Jones, SAP’s managing member. In this affidavit, Mr. Jones stated that, on information and belief, no one other than the managing partner had the authority to execute an agreement on behalf of SAP. Because someone other than the SAP managing partner signed the subcontract agreement on the company’s behalf, SAP argued that the trial court’s appointment of an arbitrator was premature because the court had not determined the threshold issues of the validity and enforceability of the alleged agreement to arbitrate. Regarding SAP’s request for a continuance, Mr. Jones stated that counsel had just been retained shortly before the hearing on the rule, and had not had an opportunity to evaluate the evidence and law necessary to establish whether anyone other than the managing partner had the authority to execute any agreement on behalf of SAP.
 

 | ,;The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion.
 
 Bosworth v. Alpha Mutual, L.L.C.,
 
 2008-0999, p. 7 (La.App. 4 Cir. 2/11/09), 6 So.3d 873, 877, citing
 
 Campbell v. Tork, Inc.,
 
 2003-1341, p. 4 (La.2/20/04), 870 So.2d 968, 971. In denying the motion for new trial, the trial court stated that SAP failed to raise any new issues for consideration, or any issues that would change the court’s previous rulings. After reviewing the record,
 
 *1153
 
 we find no abuse of the trial court’s discretion in denying SAP’s motion for new trial.
 

 For the reasons stated above, we dismiss the appeal of the August 12, 2009 judgment. We convert the appeal of the August 26, 2009 judgment to an application for supervisory writs. We deny the writ application and affirm the August 26, 2009 judgment.
 

 APPEAL OF AUGUST 12, 2009 JUDGMENT DISMISSED; APPEAL OF AUGUST 26, 2009 JUDGMENT CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; WRIT DENIED.
 

 [1]
 

 . We note that there is nothing in the record showing that SAP raised the issue of the alleged prematurity of the rule to appoint an arbitrator at any time prior to the motion for new trial.
 

 [2]
 

 . In its memorandum in support of its motion for new trial, SAP stated in a footnote that it attempted to introduce this affidavit at the hearing on the rule, but the trial court did not allow it to do so. The record contains no other reference to SAP’s attempted introduction of this affidavit at that hearing. It is incumbent upon a party who contends that its evidence was improperly excluded to make a proffer of such evidence pursuant to La.C.C.P. Article 1636.
 
 Ritter v. Exxon Mobile Corporation,
 
 2008-1404, p. 9 (La.App. 4 Cir. 9/9/09), 20 So.3d 540, 546. If it fails to do so, the party is precluded from raising this issue on appeal.
 
 Id.
 
 There is no evidence in the record that such a proffer was made in this case.
 

 [3]
 

 . The filing of the motion for new trial seeking reconsideration of the interlocutory judgment of August 12, 2009 did not interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules—Courts of Appeal.
 
 See Carter v. Rhea,
 
 2001-0234, p. 5 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025.