# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1050


**CHRISTOPHER CLOUD**

**VERSUS**

**EMILY DEAN**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 249,752-B
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JUDGE JOHN D. SAUNDERS

\*\*\*\*\*\*\*\*\*\*

Court composed of, John D. Saunders, Marc T. Amy, D. Kent Savoie, Judges.


                                                    **WRIT DENIED.**


**Amy, J., dissents and assigns reasons.**

**Eugene P. Cicardo, Jr.**
**Joseph M. Reynolds**
**Law Office of Eugene P. Cicardo, Jr.**
**P. O. Box 1128**
**Alexandria, LA 71309-1128**
**(318) 445-2097**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Emily Dean**

**Susan Ford Fiser**
**Attorney at Law**
**P.O. Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Christopher Cloud**

**SAUNDERS, Judge.**

Relator, Emily Dean (hereinafter "Dean"), seeks supervisory writs from the judgment of the trial court, which denied Relator's exception of no cause of action.

## FACTS AND PROCEDURAL HISTORY

This case involves a child custody dispute over a minor child born to Relator and Plaintiff, Christopher Cloud (hereinafter "Cloud"), on July 21, 2013. On March 27, 2014, Cloud filed a petition to establish custody of the minor child. On April 10, 2014, Dean answered, alleging Cloud had committed acts of family violence and invoking the protections of the Post-Separation Family Violence Relief Act, La.R.S. 9:361 *et. seq.* In a custody decree signed on May 20, 2014, the trial court found that Cloud had a history of perpetrating family violence and that Dean was an abused parent pursuant to La.R.S. 9:362. Thus, the trial court awarded sole custody of the child to Dean and ordered Cloud to undergo domestic violence counseling.

Thereafter, on January 6, 2015, Cloud filed a rule for visitation and other relief, alleging that he had completed fourteen therapy sessions of the twenty-four required. Thus, he requested supervised visitation with the child. On March 2, 2015, an interim judgment was signed awarding Cloud supervised visitation with the child, which would graduate to unsupervised visitation. On June 17, 2015, Cloud filed an amended rule, in which he alleged that he had completed all of the required anger management classes and requested that the parties be awarded joint custody of the child with Dean being named as the domiciliary parent. On July 31, 2015, Dean responded by filing an exception of no cause of action, asserting that Cloud's rule and amended rule did not sufficiently allege circumstances necessary to warrant a change of custody pursuant to *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986).

Following a hearing, the trial court denied Dean's exception. In its written reasons for judgment, the trial court explained:

> [T]he trial court did not make a considered decree of permanent custody "in accordance with the best interest of the child" as provided by La. C.C. art. 131 along with the factors in determining the child's best interest pursuant to La. C.C. art. 134. Because there has not been a determination as to the best interest of the child, there has been no considered decree and therefore, the burden imposed by *Bergeron* does not apply.
>
> . . . .
>
> In a child custody proceeding, it appears that the Post-Separation Family Violence Act and a child in need of care hearing are procedures created to provide immediate aid to a battered partner or a child being abused or neglected. If the Court finds the moving party proves their case, the Court can order the offending parent to participate in therapeutic treatment programs, i.e., anger management, substance abuse or mental health treatment, or any other treatment that may be necessary to resolve the problem. Once the Court is satisfied that the problem has been resolved, the parties can then proceed to a child custody case to determine the best interest of the child. However, the decision by the Court in those cases are not to be considered decrees as defined by *Bergeron*.

It is from the denial of the exception that Dean seeks review.

## STANDARD OF REVIEW

"The denial of an exception of no cause of action is an interlocutory judgment." *Cormier v. McNeese State Univ.*, 13-12 (La.App. 3 Cir. 11/13/13), 127 So.3d 66, 70. Thus, it is not appealable. However, a litigant may seek review of such a judgment via an application for supervisory writ. *See Gauthier v. Carencro Nursing Home, Inc.*, 06-893 (La.App. 3 Cir. 9/20/06), 938 So.2d 235.

In *Scheffler v. Adams & Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-47 (citations omitted), our supreme court explained:

> The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-

pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief.

## DISCUSSION OF THE MERITS

In her application for a supervisory writ, Dean contends the trial court erred in denying Dean's exception of no cause of action because no facts were alleged which would state a cause of action to modify custody pursuant to *Bergeron*. In support of this assertion, she contends that the trial court erred in concluding that the *Bergeron* standard did not apply and argues that the May 20, 2014 judgment was a considered decree, having determined custody "in accordance with the best interest of the child" pursuant to La.Civ.Code art. 131. In further support of this assertion, Dean contends that "when the court has received such evidence to sufficiently determine the applicability of the Post-Separation Family Violence Relief Act, the judgment is most certainly a 'considered decree.'" For the following reasons, we deny the writ, as we see no error in the judgment of the trial court.

"Ties between biological parents and their children are recognized as the closest and strongest within the human family. A parent has a natural right to his biological child and that child likewise has a right to his parent." *In Interest of CLS*, 94-531, p. 5 (La.App. 3 Cir. 11/2/94), 649 So.2d 532, 536. "The rights of parents to the companionship, care, custody and management of their children is a

3

fundamental liberty interest warranting great deference and protection under the law." *State in Interest of D.D.*, 94-1404, pp. 3-4 (La.App. 3 Cir. 2/15/95), 650 So.2d 447, 449.

Custody must be determined "in accordance with the best interest of the child." La.Civ.Code art. 131. In determining the best interest of the child, "[t]he court shall consider *all* relevant factors[.]" La.Civ.Code art. 134 (emphasis added). Once a considered decree of permanent custody has been rendered, "the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron*, 492 So.2d 1193, 1200 (La.1986). "A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court." *Barnes v. Cason*, 25,808, p. 6 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, 611, *writ denied*, 94-1325 (La. 9/2/94), 643 So.2d 149.

In *Williams v. Anderson*, 13-1405 (La.App. 3 Cir. 4/2/14)(unpublished opinion), after a considered decree was rendered granting domiciliary custody to the defendant, the plaintiff attempted to modify custody on three separate occasions, but was unsuccessful because he was unable to meet the *Bergeron* heightened burden of proof. Thereafter, the child was placed in the custody of the plaintiff in a proceeding held pursuant to the Children's Code. The defendant then filed a rule to modify custody. After a hearing and post-trial briefing, the trial court ruled that domiciliary custody would be returned to the defendant pursuant to the original considered decree. In its written reasons, the trial court found that the judgment granting custody to the plaintiff was not a considered decree. The plaintiff appealed and asserted that the defendant should have been required to

4

meet the *Bergeron* standard in any change of custody sought. This court rejected that argument and declined to find that the trial court manifestly erred in concluding that a custody decision rendered in the context of a child in need of care proceeding was a "considered decree" which would trigger the application of the *Bergeron* heightened burden of proof. We explained: "In the case before the juvenile court, the only evidence was presented by the state in an attempt to have the children declared children in need of care." *Id.*

We first note that when sole custody was awarded to Dean in May 2014, the custody hearing had been conducted in accordance with the Post–Separation Family Violence Relief Act, La.R.S. 9:361, *et seq.* Louisiana Revised Statutes 9:364 provides, in pertinent part, that "[t]here is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children." The parent with a history of family violence may only overcome this presumption by proving by a preponderance of the evidence that he or she has completed a domestic abuse intervention program. Accordingly, once the evidence presented established that Cloud had a history of family violence, the inquiry into "all relevant factors" to determine the best interest of the child, as is required by La.Civ.Code arts. 131 and 134, ended until Cloud proved by a preponderance of the evidence that he had completed a domestic abuse intervention program.

In its written reasons for judgment, the trial court made clear that his inquiry into the best interest of the child ended once Cloud's history of family violence was established and that he did not make a determination as to the best interest of the child. In a *per curiam* filed with this court, the trial court further explained:

> Unfortunately, [Cloud] had a serious closed-head injury that caused anger problems that apparently have been resolved by a six[-]month anger management course, medical treatment and appropriate

5

medication. The Court has found with this history, he should procedurally be in a position to have a child custody hearing pursuant to La.C.C. art. 131 to determine if it is the best interest of the child for him to have or not have custody of [the child].

At such a hearing, the Court would consider all the evidence and the La.C.C. art. 134 factors to make that determination, including the mental and physical health of each party.

Like in *Williams*, the evidence presented in the instant matter pertained only to establishing whether Cloud was a parent with a history of violence. Because the May 20, 2014 judgment was based on a presumption prohibiting Cloud from being awarded custody and limited evidence to establish the facts requiring the presumption, rather than an analysis of "all relevant factors" for determining the best interest of the child, we find that the trial court did not err when it declined to treat the May 20, 2014 custody judgment as a "considered decree" which would subject Cloud's rule for modification of custody to the heighted burden of proof set forth in *Bergeron*.

It is also important to note that the award of sole custody to Dean was not intended to be a permanent custody arrangement. The trial court made clear in its written reasons for judgment that the initial judgment was an arrangement to last only until Cloud completed a domestic violence intervention program, after which a full hearing could be held, wherein the trial court would hear evidence pertaining to "all relevant factors" in determining the best interest of the child. We decline to find a judgment that was rendered without consideration of "all relevant factors" and that was intended to be temporary a considered decree.

Moreover, we note that even parents whose children have been removed by the State through the elaborate procedures of a child-in-need-of-care proceeding have an opportunity to regain custody of their children. *See State ex rel. A.T.*, 06-501 (La. 7/6/06), 936 So.2d 79 (holding that termination of parental rights was erroneous because "OCS never undertook reasonable efforts at reunification").

6

## CONCLUSION

For the reasons above, we conclude the trial court did not err in denying Dean's exception of no cause of action and, therefore, we deny her application for a supervisory writ.

**WRIT DENIED.**

NUMBER 15-1050

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

CHRISTOPHER CLOUD

VERSUS

EMILY DEAN

AMY, J., dissenting.

I respectfully dissent from the majority decision as I instead find that Ms. Dean's writ application should be granted. As the majority explains, Ms. Dean asserted that the amended rule in which Mr. Cloud sought an order of joint custody did not allege sufficient facts to state a cause of action for modification of custody pursuant to *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). The trial court denied that exception, finding that its May 20, 2014 decree was not a considered decree and that it instead arose from a hearing limited to consideration of the Post-Separation Family Violence Relief Act. *See* La.R.S. 9:361, et seq. Upon review of that judgment, however, I find that the trial court erred in concluding that the *Bergeron* standard is inapplicable in this case.

In support of her writ application to this court, Ms. Dean has submitted the parties' initial cross-pleadings in which each parent sought custody of the minor child. Notably, Ms. Dean pursued sole custody of the child and requested that the provisions of the Post-Separation Family Violence Relief Act be applied. While the trial court ultimately awarded sole custody to Ms. Dean and further determined that the Post-Separation Family Violence Relief Act was applicable, I find no indication that the applicability of that Act indicates that the incorporating judgment cannot also be a considered decree. Certainly, it cannot be said that a

finding that La.R.S. 9:361, et seq., is implicated could not be a factor under the best interest of the child analysis. *See* La.Civ.Code art. 131; La.Civ.Code art. 134.

In this case, and as stated, the matter was initially presented to the trial court on the respective parties' requests for custody, not merely on Ms. Dean's request for custody alone. Additionally, the trial court's resulting judgment, which was labelled a "Considered Decree[,]" indicates that it was rendered after the taking of testimony and consideration of evidence. While the judgment included the trial court's finding that the Post-Separation Family Violence Relief Act was applicable and that Ms. Dean was "an [a]bused parent, as defined by La.R.S. 9:362[,]" the judgment also included the trial court's order of sole custody of the minor child to Ms. Dean as well as an order of specified child support from Mr. Cloud.

Based upon these factors, as well as the limited factual basis advanced in Mr. Cloud's amending rule for joint custody, I find that the trial court erred in denying the exception of no cause of action. Accordingly, I would grant the writ application under review and sustain that exception.