NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1154


ADAM BORDELON, ET UX.

VERSUS

CAPPAERT MANUFACTURED
HOUSING, INC., ET AL.


**********

APPEAL FROM THE
TWELTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2015-1787-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED. APPELLANTS PERMITTED TO
FILE AN APPLICATION FOR SUPERVISORY WRITS.


Lamont P. Domingue
Beau A. LeBlanc
Post Office Box 3527
Lafayette, LA 70502
(337) 232-9700
COUNSEL FOR DEFENDANT/APPELLEE:
    Andries & Associates, LLC d/b/a Evangeline Home Center

**Charles A. Riddle, III**
**Jenny Donaghey-Beckham**
**Post Office Box 608**
**Marksville, LA 71351**
**(318)240-7217**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Adam Bordelon, et ux.**

**Mary E. Roper**
**628 St. Louis Street**
**Baton Rouge, LA 70502**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Cappaert Manufactured Housing, Inc.**

**PICKETT, Judge.**

This court issued a rule ordering Plaintiffs-Appellants, Adam Bordelon, et ux. (the Bordelons), to show cause, by brief only, why their appeal should not be dismissed for having been taken from an interlocutory judgment that is not subject to being designated as final pursuant to La.Code Civ.P. art. 1915. *See* La.Code Civ.P. art. 933; and *A & B Valve and Piping Systems, LLC v. Commercial Metals Co.*, 09-1535 (La.App. 3 Cir. 1/27/10), 28 So.3d 1202. The Bordelons timely filed a brief suggesting that the granting of the motion to compel arbitration, when combined with the grant of the exception of prematurity, is appealable. The Bordelons now ask this court not dismiss the appeal or, in the alternative, to grant the writ application they allege will be filed. For the reasons that follow, we dismiss the appeal, but this court orders that the Bordelons are permitted to file a writ application.

## FACTS AND PROCEDURAL HISTORY

This case arises out of the purchase of a manufactured home by the Bordelons from Andries and Associates, LLC d/b/a Evangeline Home Center (Evangeline). The Bordelons allege that there are unsatisfactory conditions that have not been repaired despite them having made demands for said repairs. The Bordelons filed suit against Cappaert Manufactured Housing, Inc. (Cappaert) and Evangeline for rescission of the sale, damages, and attorney's fees.

Cappaert filed a motion to compel arbitration and for stay of the proceedings, or in the alternative, a dilatory exception of prematurity. Evangeline filed an exception of prematurity. The motion to compel and exceptions were heard on August 24, 2015. Following the hearing, the trial court allowed additional briefing and took the matter under advisement. On September 15, 2015,

the trial court issued written reasons for judgment wherein it directed Evangeline's counsel to draft a written judgment. On September 29, 2015, the trial court signed a judgment granting Cappaert's motion to compel arbitration and for stay of the proceeding, and alternative dilatory exception of prematurity. The trial court also granted the exception of prematurity filed by Andries.

The Bordelons filed a motion for suspensive appeal on October 7, 2015, and the trial court signed an order of appeal on that same day. When the record was received in this court, a rule to show cause was issued to the Bordelons to show why their appeal should not be dismissed as having been taken from an interlocutory judgment.

## DISCUSSION

In *A & B Valve and Piping Systems, LLC*, 28 So.3d at 1205, this court noted that:

> the judgment finding that the parties should submit their case for arbitration does not address any of the merits of Appellant's petition for a declaratory judgment. We also note that the judgment simply stays the trial court proceedings pending arbitration and does not dismiss the suit in its entirety. Thus, we find that the judgment on its face appears to be interlocutory in nature . . . . However, this court is bound by the Louisiana Supreme Court's holding that "[a] judgment compelling arbitration is interlocutory in nature and not subject to an immediate appeal." *St. Bernard Memorial Funeral Home, Inc. v. Doody Group, Inc.*, 02-1675 (La. 8/5/02), 822 So.2d 599, 599. . . . [W]e find that the Appellee's motion to dismiss this appeal should be granted. Inasmuch as we find that the judgment compelling arbitration is a non-appealable interlocutory judgment, not subject to being designated immediately appealable under La.Code Civ.P. art. 1915(B), there is no conflict with the FAA [Federal Arbitration Act], and we, therefore, pretermit a determination of whether the FAA preempts the application of La.Code Civ.P. art. 1915(B) to certify a judgment as immediately appealable.

2

Because the appellants also filed a writ application, "the merits of the challenged judgment [were] appropriately reviewed by this court in connection with that writ application." *Id* at 1206.

The Bordelons assert that the granting of the prematurity exceptions makes this matter appropriate for an appeal. However, it is important to note that the judgment granting the exceptions does not make any provision for dismissing any of their claims. *See* La.Code Civ.P. art. 933. The fourth circuit in *Bolden v. FedEx Ground Package System, Inc.*, 10-940, pp. 4-6 (La.App. 4 Cir. 4/16/11), 60 So.3d 679, 682-683, was faced with a similar situation when the trial court granted defendant's exception of prematurity and motion to stay based upon an arbitration provision and ordered the parties to arbitration:

> Had the trial judge in this case granted the exception of prematurity and entered the dismissal as required by Article 933 as to some of the plaintiffs' claims, we would be faced with a partial judgment which has not been designated as final. A partial judgment which requires designation as a final judgment by the trial court but does not receive such a designation is not an appealable judgment. See LA. C.C.P. ART. 1915 B(2) ("In the absence of such a determination and designation, [any such order or decision] ... shall not constitute a final judgment for the purpose of an immediate appeal.") Such an undesignated judgment, like an interlocutory judgment, "may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." LA. C.C.P. ART. 1915 B(2) .... See also Roger A. Stetter, LOUISIANA CIVIL APPELLATE PROCEDURE, § 3:20 (2010-2011 ed.) ("Any partial judgment that does not dismiss a party and that is not expressly authorized by Article 1915 is interlocutory in character rather than final.").
>
> . . . .
>
> Thus, the proper procedural vehicle to seek review of this judgment, whether denominated a partial judgment which is not designated as final or an interlocutory judgment which is not immediately appealable, is by an application for supervisory relief. *See Lalla v. Calamar, N.V.*, 08-0952, p. 6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. "A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time,

3

according to the discretion of the court." *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981).

Thus, in this case the judgment subject to review is an interlocutory judgment not subject to immediate appeal but properly reviewable only by application for supervisory writs. In the instant case, the Bordelons filed a writ application on January 6, 2016.

The motion for appeal was timely filed as a notice of intent to seek a return date for a supervisory writ application. *Herlitz*, 396 So.2d 878, allows our exercise of supervisory jurisdiction. And finally, the issue of whether arbitration is required will be moot by the time an appeal is proper. Therefore, the Bordelons are permitted to file a proper application for supervisory writs without being required to file a notice of intent to seek writs or to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3. *See Gauthier v. Carencro Nursing Home, Inc.* 06-893 (La.App. 3 Cir. 9/20/06), 938 So.2d 235; and *Bentley v. LCM Corp.*, 12-1443 (La.App. 3 Cir. 1/20/13), 107 So.3d 145, an unpublished opinion.

## DECREE

For all of the foregoing reasons, we dismiss the appeal as having been taken from a non-appealable, interlocutory judgment. The dismissal is without prejudice, at the cost of the Bordelons. Furthermore, the Bordelons are permitted to file a properly documented application for supervisory writs without being required to file a notice of intent to seek writs or to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3.

**APPEAL DISMISSED. APPELLANTS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

4

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.