| CDW SERVICES, LLC | * | NO. 2024-CA-0152 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CITY OF NEW ORLEANS AND | * | |
| MAYOR LATOYA CANTRELL | | FOURTH CIRCUIT |
| IN HER OFFICIAL CAPACITY | * | |
| AS MAYOR OF THE CITY OF | | STATE OF LOUISIANA |
| NEW ORLEANS | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-05493, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)

Frank Anthony Milanese
FRANK A. MILANESE, PLC
650 Poydras Street, Suite 2708
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Corwin M. St. Raymond
ASSISTANT CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

Jeffrey K. Prattini
PRATTINI LAW FIRM, L.L.P.
300 Board of Trade Place
New Orleans, Louisiana 70130

      COUNSEL FOR INTERVENOR/APPELLEE

**APPEAL DISMISSED**
**SEPTEMBER 24, 2024**

*JCL*

*DLD*

*NEK*

This is a public works contract case. Plaintiff/appellant, CDW Services, LLC ("CDW"), appeals the December 28, 2023 judgment denying its motion for new trial. The judgment is interlocutory and non-appealable. We lack appellate jurisdiction, and therefore, we dismiss the appeal.

The underlying dispute stems from public bids for construction on a public works project, entitled "Morris F.X. Jeff Sr. Pool Renovations, Proposal 2721," for defendant/appellee, the City of New Orleans (the "City"). CDW claims that it was the lowest responsive and responsible bidder for the project. However, it submitted the second lowest numerical bid, and the City awarded the contract to the lowest numerical bidder, intervenor/appellee, Verius Property Group, L.L.C. d/b/a VPG Construction ("VPG"). The following procedural history is relevant to our consideration of the present appeal.[1]

On June 14, 2023, CDW filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, Mandamus, and Declaratory Judgment,

---

[1] A more detailed history of the case is set forth in this Court's companion opinion, *CDW Servs., LLC v. City of New Orleans*, 24-0083 (La. App. 4 Cir. 9/24/24), --- So.3d ---.

1

seeking to enjoin the public contract award to VPG and order the City to award the contract to CDW. The district court granted a temporary restraining order ("TRO") and ordered CDW to deposit security into the registry of the court. Subsequently, on June 30, 2023, a hearing went forward on the preliminary injunction.

On October 5, 2023, the district court rendered judgment denying CDW's petition for preliminary injunction and awarding the City five percent (5%) of the security posted, $14,550, and awarding VPG ninety-five percent (95%) of the security posted, $276,450. The judgment was mailed on October 16, 2023. On October 20, 2023, CDW filed a motion for new trial, which proceeded to a hearing on December 4, 2023. On December 12, 2023, CDW filed a motion for devolutive appeal of the October 5, 2023 judgment, which appeal was lodged in this Court under docket number 2024-CA-0083.

On December 28, 2023, the district court rendered judgment denying the motion for new trial. The judgment was mailed on January 12, 2024. On February 8, 2024, CDW filed a motion for devolutive appeal of the December 28, 2023 judgment. Upon lodging said appeal in this Court, VPG filed a motion to dismiss, arguing that the December 28, 2023 judgment is interlocutory and not subject to appeal.

Before reaching the merits of any appeal, the appellate court has the duty to determine whether the court has proper jurisdiction, even when the parties do not raise the issue. *Succession of Hickman*, 22-0730, p. 5 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 589. "An interlocutory judgment is appealable only when expressly

2

provided by law." La. C.C.P. art. 2083(C). "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. A judgment denying a motion for new trial is an interlocutory judgment. *Russell v. Liberty Mut. Fire Ins. Co.*, 23-0198, p. 4 (La. App. 4 Cir. 9/14/23), 373 So.3d 83, 86 (quoting *Barham, Warner & Bellamy, L.L.C. v. Strategic All. Partners, L.L.C.*, 09-1528, p. 4 (La. App. 4 Cir. 5/26/10), 40 So.3d 1149, 1151). *See also* La. C.C.P. art. 1914(C).

The denial of a motion for new trial is generally a non-appealable interlocutory judgment; however, an appellate court "may consider interlocutory judgments as part of an unrestricted appeal from a final judgment." *State ex rel. Dep't of Soc. Servs. v. Whittington*, 15-1118, p. 11 (La. App. 4 Cir. 5/18/16), 193 So.3d 1234, 1241. Also, an appellate court construes an appeal of a judgment denying a new trial as an appeal of the judgment of the merits of the case where the appellant's brief makes clear that the appellant intended to appeal the merits of the case. *Hickman*, 22-0730, p. 6, 359 So.3d at 590. Those circumstances are not present here. Quite the opposite, as VPG points out, CDW has already separately appealed the merits of the case, and its devolutive appeal of the October 5, 2023 judgment was lodged in this Court under docket number 2024-CA-0083. While CDW argues that the December 28, 2023 judgment is appealable because it "confirms" the relief awarded in the October 5, 2023 judgment, we find no support for such an assertion. This Court lacks appellate jurisdiction over the judgment denying the motion for new trial.

We recognize that situations exist in which an appellate court may exercise its discretion to convert the appeal of an interlocutory judgment that is not immediately appealable to an application for supervisory writ. *Russell*, 23-0198, p. 3, 373 So.3d at 85. CDW does not ask this Court to exercise its supervisory jurisdiction, and we nevertheless find that the circumstances are not present for us to exercise our discretion. As our Court has explained, two conditions must be met:

(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal.

(ii) ... [T]he circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*McGinn v. Crescent City Connection Bridge Auth.*, 15-0165, pp. 4-5 (La. App. 4 Cir. 7/22/15), 174 So. 3d 145, 148 (quoting *Mandina, Inc. v. O'Brien*, 13-0085, p. 8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104) (other citations omitted).

We find that neither condition is satisfied. The first condition is not met because the motion for appeal was not filed within thirty days of the judgment. The second condition is also not satisfied. Judicial efficiency will not be served in having this Court duplicate its review of the October 5, 2023 judgment, both in a devolutive appeal and supervisory writ. Moreover, reversal of the district court's denial of a new trial will not terminate the litigation.

The December 28, 2023 judgment is non-appealable, and we cannot convert the present appeal to an application for supervisory writ. For the reasons set forth herein, we dismiss the appeal.

**APPEAL DISMISSED**