JUDE G. GRAVOIS, Judge.
[2The plaintiff, Cassandra Gullatt, has appealed the trial court’s denial of her Motion for Summary Judgment. For the reasons that follow, we convert the plaintiffs appeal to a writ application and deny relief.

FACTS AND PROCEDURAL BACKGROUND

The plaintiff filed suit against her insurer, Allstate Insurance Company (“Allstate”), seeking to collect under the uninsured/underinsured motorist (“UM”) coverage provision of her policy, alleging that she sustained injuries in an accident caused by an uninsured or underinsured motorist. Apparently, Allstate denied that the plaintiff had UM coverage under the policy issued to the plaintiff.[1] The plaintiff filed a Motion for Summary Judgment claiming that the UM waiver she allegedly executed was invalid. The trial court denied the plaintiffs motion, then pursuant to the plaintiffs request, ordered that the judgment “be designated as a final judgment for purposes of appeal.”
Is At the onset, we note that Louisiana Code of Civil Procedure Article 968 provides, in pertinent part, that “[a]n appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.” We recognize that Louisiana Code of Civil Procedure Article 1915 provides for the certification of partial final judgments. Article 1915 does not, however, supersede article 968. The certification of the denial of the plaintiffs Motion for Summary Judgment by the trial court did not convert a non-ap-pealable judgment into an appealable judgment. Rubin v. Westport Ins. Corp., 02-643 (La.App. 5 Cir. 12/11/02), 833 So.2d 1245, 1246. Rather, review of a judgment denying a motion for summary judgment is properly taken under this court’s supervisory jurisdiction. This Court has, however, the discretion to convert appeals of non-appealable judgments to applications for supervisory writs in cases where the *733 appeal was filed within the thirty-day period allowed for the filing of an application for supervisory writs. Cole v. Cole, 07-504 (La.App. 5 Cir. 10/30/07), 971 So.2d 1185, 1188. The judgment in the instant case was rendered on March 31, 2010 and the plaintiffs motion for appeal was filed on April 21, 2010. Accordingly, in the interest of judicial economy, we hereby convert the plaintiffs appeal to an application for supervisory writs and will conduct a de novo review of the plaintiffs motion under our supervisory jurisdiction.

ANALYSIS

A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This motion is a procedural device used to avoid a full-scale trial when there is no |4genuine issue of material fact. Craig v. Bantek West, Inc., 2004-0229 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1244. A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Garsee v. Botoie, 37,444 (La.App. 2 Cir. 8/20/03), 852 So.2d 1156, 1159. In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, 04-806 (La.6/25/04), 876 So.2d 764, 765. The decision in ruling on a motion for summary judgment must be made with reference to the substantive law applicable to the case. McCord v. West, 07-958 (La.App. 5 Cir. 3/25/08), 983 So.2d 133, 137.
In her Motion for Summary Judgment, the plaintiff argues that the UM rejection form in question is not valid. She contends that in order for a UM rejection form to be valid, it must be dated by the insured. Attached to the plaintiffs motion is a UM form dated “5/10/04” bearing the plaintiffs signature and her initials next to the option rejecting UM coverage. Also attached to her motion is an affidavit in which the plaintiff attests that she did not date the UM waiver form. The plaintiff contends that in order to carry its burden of proving that the waiver form is valid, Allstate must show that the form was dated by the plaintiff, the insured, at the time of execution of the form. The plaintiff argues that Allstate cannot carry this burden.
In opposition to the plaintiffs motion, Allstate presented the affidavit of two insurance agents, Kim Migliore Ericksen and Charles Smith. Ms. Ericksen attested that she was employed by an Allstate agency owned by Mr. Smith, that she was the agent who processed the application for the plaintiff, that she could not recall the plaintiffs specific policy, but she “always had policy applicants | Ssign and date all forms before leaving the office,” and that she “would not, under any circumstances, date a form for a policy applicant.” Mr. Smith attested that, on the date in question (May 10, 2004), Ms. Erick-sen was employed by his agency and was a licensed insurance agent, no one else was employed by him other than Ms. Ericksen, Ms. Ericksen was the agent that processed the application for the plaintiff, and he had no contact with the plaintiffs policy.
LSA-R.S. 22:1295, formerly numbered 22:680,[2] governs the issuance of uninsured *734 motorist coverage in Louisiana. LSA-R.S. 22:1295(l)(a)(ii) provides, in pertinent part, as follows:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.
In Duncan v. U.S.A.A. Insurance Company, 2006-363 (La.11/29/06), 950 So.2d 544, the Louisiana Supreme Court explained the statutory requirements of a valid UM form. The Court noted that the wording of the statute quoted above requires only: 1) that the rejection or selection be made on a form prescribed by the commissioner of insurance; 2) that the form be provided by the insurer; and 3) that the form be signed by the named insured or his legal representative. In interpreting this statute, the Court went on to find that the UM form prescribed by the 1 ficommissioner of insurance involves six tasks: 1) initialing the selection or rejection of coverage chosen; 2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; 3) printing the name of the insured or legal representative; 4) signing the name of the named insured or legal representative; 5) filling in the policy number; and 6) filling in the date. The Court found that all six tasks are pertinent in rejecting UM coverage.[3] In further explaining the process of accomplishing of these tasks, the court went on to state, at page 552:
The insured initials the selection or rejection chosen to indicate that the decision was made by the insured. If lower limits are selected, then the lower limits are entered on the form to denote the exact limits. The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature. Moreover, the insured dates the form to determine the effective date of the UM waiver. Likewise, the form includes the policy number to demonstrate which policy it refers to.
(Emphasis added.)
Accordingly, under our interpretation of Duncan, in order for a UM rejection form to be valid, it must be dated by the insured at the time of signature.
*735 In denying the plaintiffs Motion for Summary Judgment, after hearing argument, the trial court stated:
All right. The question is whether Miss Gullatt dated the form. I don’t know the answer to that question.
[[Image here]]
So after full review of the Record, oral argument of counsel and attachment of exhibits, Plaintiffs Motion for Summary Judgment is denied, because there remains a genuine issue of material fact that negates granting the motion. Extensively, the UMBI Waiver executed by Plaintiff complies with both the statutory and jurisprudential requirements in Louisiana for a valid rejection of the UMBI coverage. Here, Plaintiff has raised a tribal [sic] issue of fact regarding when and by whom the UMBI form was dated.
[[Image here]]
17Accordingly, because there remains a factual dispute, Plaintiffs Motion for Summary Judgment is denied.
(Emphasis in original.)
Accordingly, the trial court found that a genuine issue of material fact exists as to “when and by whom the UMBI form was dated” and accordingly denied the plaintiff the summary judgment relief requested.
On appeal, the plaintiffs sole argument is that the UM rejection form in question does not comply with the requirements set forth in Duncan because the plaintiff, according to her affidavit, as the insured, did not date the form. The plaintiff thus asserts that Allstate cannot bear the burden of proving by clear and unmistakable evidence that the waiver form is valid, i.e., that it was dated by the insured at the time of execution, and accordingly, summary judgment should have been rendered in the plaintiffs favor finding that UM coverage was not validly rejected.
Allstate argues in opposition that although Ms. Ericksen in her affidavit admitted that she had no specific recollection of processing the plaintiffs policy application, she “always had policy applicants sign and date all forms before leaving the office,” and that she “would not, under any circumstances, date a form for a policy applicant,” thereby indirectly asserting that the plaintiff did in fact date her UM rejection form, thereby precluding summary judgment herein.
In light of our interpretation of Duncan as set forth above and the conflicting nature of the competing affidavits presented by the parties, we find that a genuine issue of material fact exists in this matter as to whether the plaintiff dated the UM rejection form in question. Accordingly, we find that the trial court did not err in denying the plaintiffs Motion for Summary Judgment.

^CONCLUSION

For the reasons set forth above, we convert the plaintiffs appeal to a writ application and deny the relief requested.

APPEAL CONVERTED TO WRIT APPLICATION; WRIT CONSIDERED; RELIEF DENIED.

. The record on appeal is designated, and as such, it does not contain all of the pleadings filed in this matter.

. Although the number of the statute changed, the language quoted in this opinion was not changed.

. In Duncan, the Court held the rejection form to be invalid due to the omission of the policy number on the form.