DANIEL L. DYSART, Judge.
| plaintiff-appellant, Ambre McGinn,[1] appeals the trial court’s judgment granting a Motion for New Trial filed by defendants, Police Officer Lance Lavigne, of the Crescent City Connection Bridge Authority (“CCCBA”), and the Louisiana Attorney 'General.[2]
This lawsuit concerns the alleged wrongful death of plaintiffs husband, Joseph L. McGinn, III, in March, 2011. Plaintiff alleges that, on March 17, 2011 Mr. McGinn was involved in a hit-and-run accident while he was driving a motorcycle on the entrance ramp of U.S. Highway 90 (Claiborne Avenue leading to the Pontchartrain Expressway). As a result of the accident, Mr. McGinn was thrown over the rail of the elevated highway onto the ground. The Petition for Damages alleges that a motorist reported the accident and that the CCCBA Officer Lavigne arrived at the scene and located the motorcycle, but made no effort to locate Mr. McGinn. Ac *147 cording to the Petition, Officer Lavigne left the scene without locating Mr. McGinn, who died fourteen hours later. An employee of a nearby business discovered Mr. McGinn’s body on the morning of March 18, 2011.
j2The original Petition for Damages names the CCCBA, Officer Lavigne, and several fictitious insurers as defendants. Service of the Petition was requested of the CCCBA through its director, Peter Maggiore, and of Officer Lavigne at the CCCBA’s office located at 2001 Mardi Gras Boulevard in New Orleans. The record reflects that Officer Lavigne was not served personally, but rather, service was accepted by an Officer Williams on December 5, 2011.
On September 17, 2012, plaintiff filed a Motion for Preliminary Default against the CCCBA and Officer Lavigne. There is no evidence in the record that the preliminary default was served on anyone.
More than ten months later, on July 24, 2013, plaintiff filed an amended petition, adding as defendants the New Orleans Police Department (“NOPD”), additional fictitious insurers and fictitious employees of the NOPD and the CCCBA. After obtaining an extension of time to plead, the NOPD answered the amended petition on September 19, 2013. The record reflects that neither the CCCBA nor Officer La-vigne was served with the amended petition.
Approximately a year later, and almost two years after filing the Motion for Preliminary Default, plaintiff obtained a default judgment on August 26, 2014, follow.ing a hearing on August 15, 2014. The judgment was rendered against the CCCBA and Officer Lavigne (together having been found 50% at fault in the death of Mr. McGinn) in the total amount of $4,300,665.00.
On September 9, 2014, Officer Lavigne and the Louisiana Attorney General filed a Motion for New Trial on the basis that the default judgment was an absolute |anullity for several reasons. First, Officer Lavigne was never served with the lawsuit. Second, plaintiffs Motion for Preliminary Default was filed after the original Petition, but before the amended petition was filed; no second Motion for Preliminary Default was filed after the amended petition. Third, plaintiff did not serve the motion for preliminary default on the Attorney General, who is the ‘“proper agent or person for service of process’ of a political subdivision.” Lastly, plaintiff improperly identified the CCCBA as an incorporated municipality of the Parish of Orleans.
The hearing on the Motion for New Trial was conducted on November 7, 2014. By judgment dated November 13, 2014, the trial court granted the Motion, vacating the August 26, 2014 judgment as an absolute nullity. In its Reasons for Judgment, the trial court found that service on Officer Lavigne at his place of employment and through another officer to be defective insofar as there is no basis for domiciliary service of process at a place of employment. As to the CCCBA, the trial court noted that it had been identified as “an incorporated municipality”; however, “[tjhere was no service of the preliminary default on any entity prior to the confirmation of default.”
Plaintiff then filed a Motion and Order for Appeal on December 22, 2014. The Motion specifically appeals the trial court’s November 13, 2014 judgment granting the Motion for New Trial.
^DISCUSSION
In her appellate brief, plaintiff asserts that jurisdiction is proper in this Court pursuant to La. C.C.Pr. art. 2201 and pursuant to Rule 4-3 of the Uniform Rules, Courts of Appeal, both of which *148 deal with applications for supervisory writs.
Our jurisprudence clearly establishes that the grant of a motion for new trial is a not a final, appealable judgment, but rather, an interlocutory judgment which is not “subject to being designated as final pursuant to La. C.C.P. art. 1915.” Mandina, Inc. v. O’Brien, 13-0085, p. 7 (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 103, writ denied, 13-2104 (La.11/22/13), 126. So.3d 485. Ordinarily, an application for supervisory writ is the appropriate vehicle for the review of an interlocutory judgment. Id. (“[t]he proper procedural device to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ.”). See also, Ramirez v. Evonir, LLC, 14-1095, p. 4 (La.App. 4 Cir. 4/9/15); 165 So.3d 260; Francois v. Gibeault, 10-0180, p. 2 (La.App. 4 Cir. 8/25/10), 47 So.3d 998, 1000.
In Mandina, we recognized that, under certain circumstances, this Court “has exercised its discretion to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application.” Id., 13-0085, p. 7, 156 So.3d at 104. Those circumstances require that two conditions be met:
(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) ... [T]he circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and [¿judicial efficiency, such as where reversal of the trial court’s decision would terminate the litigation.
Id., 13-0085, p. 8, 156 So.3d 99 at 104, citing Delahoussaye v. Tulane University Hosp. and Clinic, 12-0906, 12-0907, pp. 4-5 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 562.
Under Rule 4-3 of the Uniform Rules, Courts of Appeal:
The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914.[3]
Our jurisprudence is replete with cases in which appellate courts converted appeals of interlocutory judgments into applications for supervisory writs when the motions for appeal were filed within thirty days of the judgment under review. See, e.g., Mandina; Jones v. Next Generation Homes, LLC, 11-0407 (La.App. 4 Cir. 10/5/11), 76 So.3d 1238; Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 09-1528, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152 (“[because the petition for appeal was filed more than thirty days after the August 12, 2009 judgment, we cannot convert the appeal of the August 12, 2009 to an application for supervisory writs”); Delahoussaye, 12-0906, 12-0907, pp. 4-5, 155 So.3d 560 at 563 (“we [convert the appeal of an interlocutory judgment into an application for supervisory writ] ... only when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, *149 Courts of Appéal”). See also, Gullatt v. Allstate Ins. Co., 10-448, p. 3 (La.App. 5 Cir. 2/15/11), 61 So.3d 731, 733; Roba, Inc. v. Courtney, 09-0509, p. 6, n. 12 (La.App. 1 Cir. 8/10/10), 47 So.3d 509, 514; Rain CII Carbon, LLC v. Turner Indus. Grp., LLC, 14-121, p. 2 (La.App. 3 Cir. 3/19/14), 161 So.3d 688, 689.
In the instant matter, the trial court ruled from the bench at the November 7, 2014 hearing, granting the motion for new trial. The -written judgment was thereafter signed on November 13, 2014. The Motion for Appeal was filed on December 22, 2014, thirty-nine days after the judgment was rendered.[4] As the motion for appeal was filed beyond the thirty day period applicable to supervisory writs contained in Uniform Rule 4-3, we decline to exercise our discretion to consider the motion for appeal as an application for supervisory writ.[5] We, therefore, dismiss this appeal for lack of jurisdiction. See Delahoussaye, 12-0906, p. 6 (La.App. 4 Cir. 2/20/13), 155 So.3d 563.
CONCLUSION
For the reasons set forth herein, this appeal is dismissed.
APPEAL DISMISSED

. Ms. McGinn appears in this lawsuit on her own behalf, on behalf of her minor children and on behalf of the estate of her deceased husband, Joseph L. McGinn, III.

. The Motion for New Trial was filed on behalf of Officer Lavigne and the Louisiana Attorney General, although the judgment for which the Motion was filed was rendered against Officer Lavigne and the CCCBA. The Louisiana Attorney General appeared in the Motion on behalf of Officer Lavigne “and the State and/or any State Agency the plaintiffs believe is liable and/or has an interest in the judgment.” While plaintiff alleges that Officer Lavigne is an employee of the CCCBA, the Motion for New Trial clarifies that Officer Lavigne "is, and at all pertinent times was, a state employee.”

. As the comments to Rule 4-3 of the Uniform Rules of Court, Courts of Appeal, indicate, the "Rule 4-3 has been revised to coordinate the date of the beginning of the 30-day period for setting a return date with the date of notice of the ruling at issue."

. In its appellate brief, appellee states that "[pllaintiffs moved for an appeal on December 3, 2014” and notes that the appeal was timely. The record before us, however, reflects that the Motion for Appeal was filed on December 22, 2014. While the certificate of service of the Motion for Appeal reflects that it was emailed to all counsel of record on December 3, 2014, both the index prepared by the Clerk’s office and the stamped copy of the Motion reflect a filing date of December 22, 2014.

. The Notice of Signing of Judgment was issued on November 19, 2014. However, the judgment was an interlocutory order and pursuant to La. C.C.Pr. art. 1914 "the rendition of an interlocutory judgment in open court constitutes notice to all parties.” See also Caldwell Parish Sch. Bd. v. Louisiana Mach. Co., 12-1383, p. 10 (La. 1/29/13), 110 So.3d 993, 999. Even if the mailing of the notice of judgment triggered the time period for applying for a supervisory writ, that deadline expired on December 19, 2014.