NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-730

GEORGE LEBLANC

VERSUS

LOUISIANA INSURANCE
GUARANTY ASSOCIATION,
SOUTHERN CASUALTY
INSURANCE COMPANY,
AND CHARLES TAYLOR

**********

APPEAL FROM THE
BREAUX BRIDGE CITY COURT
PARISH OF ST. MARTIN, NO. 13053
HONORABLE RANDY P. ANGELLE, CITY COURT JUDGE

**********

JAMES T. GENOVESE

JUDGE

**********

Court composed of Billy H. Ezell, James T. Genovese, and Phyllis M. Keaty, Judges.

SUSPENSIVE APPEAL DISMISSED.
MOTION TO HAVE PETITION FOR
SUSPENSIVE APPEAL CONSIDERED
AS A NOTICE OF INTENT TO APPLY FOR
SUPERVISORY WRITS GRANTED.

Donald D. Benoit
420 Berard Street
Breaux Bridge, Louisiana 70517
(337) 332-6666
COUSEL FOR PLAINTIFF/APPELLEE:
    George LeBlanc

**Kenneth M. Henke**
**100 East Vermilion Street, Suite 400**
**Lafayette, Louisiana  70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT:**
     **Charles Taylor**

**Stephanie B. Laborde**
**Benjamin M. Chapman**
**Amy L. McInnis**
**MILLING BENSON WOODWARD, LLP**
**445 North Boulevard, Suite 200**
**Baton Rouge, Louisiana  70802**
 **(225) 291-7300**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Louisiana Insurance Guaranty Association**

**GENOVESE, Judge.**

This court, on its own motion, issued a rule to the appellant, Louisiana Insurance Guaranty Association (LIGA), to show cause why its appeal should not be dismissed for having been taken from a non-appealable interlocutory judgment. *See* La.Code Civ.P. art. 1915 and *Condon v. Logan*, 15-797 (La.App. 4 Cir. 3/30/16), 190 So.3d 778.  For the reasons that follow, we dismiss LIGA's appeal, and we grant LIGA's motion to construe the petition for appeal as a notice of intent to file supervisory writs.

This case arises out of an automobile accident that occurred on March 26, 2012.  George Leblanc (Leblanc) filed suit against Charles Taylor and his insurer, Southern Casualty Insurance Company (SCIC), in Breaux Bridge City Court, in St. Martin Parish.  When SCIC was declared insolvent, LIGA was substituted as a defendant.  Leblanc received policy limits from his underinsured motorist policy, which was written by State Farm Mutual Automobile Insurance Company (State Farm).

LIGA filed a motion for summary judgment under La.R.S. 22:2015, et seq., specifically asserting that it was entitled to a credit against the State Farm policy. LIGA argued that La.R.S. 22:2062 provided for a dollar for dollar credit such that the amount available from State Farm equaled the amount of Taylor's policy with SCIC and that, accordingly, LIGA's obligation to Leblanc was extinguished upon the application of said credit.

The trial court granted LIGA's motion, and LIGA was dismissed from the suit with prejudice.  The trial court also purported to designate the judgment as final and appealable.

Leblanc then filed a motion for new trial, which was granted.  A judgment granting a new trial was signed on April 15, 2016.  Again, the trial court purported

to designate the judgment as final and appealable. While the trial court issued reasons for granting Leblanc's motion for new trial, no new trial has been held as of this date.

LIGA filed a petition for suspensive appeal. When the record was lodged in this court, a rule was issued ordering LIGA to show cause why its appeal should not be dismissed for the above-stated reasons.

"Our jurisprudence clearly establishes that the grant of a motion for new trial is a not a final, appealable judgment, but rather, an interlocutory judgment[.]" It cannot be designated as a final judgment under La. C.C.P. art. 1915. *McMinn v. Crescent City Connection Bridge Authority*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148.

LIGA filed a brief in response to the rule and agreed that an order granting a new trial is not appealable; however, LIGA asserted that it would be reviewable under this court's supervisory jurisdiction. LIGA also filed a motion to convert its request for a suspensive appeal into an application for supervisory writs, or in the alternative, for permission to file a proper application for supervisory writs and for setting a deadline for its filing.

"[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts." *Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39; and La.Const. Art. V, §10(A).

In this instance, the judgment was signed on April 15, 2016. Notice of judgment was issued on April 20, 2016. LIGA's motion for suspensive appeal was filed via facsimile transmission on April 26, 2016, and filed of record on May 2, 2016. Accordingly, we exercise our discretion and construe the petition for appeal as a notice of intent to file supervisory writs. The suspensive appeal is hereby dismissed, and LIGA's motion to have its petition for suspensive appeal

considered as a notice of intent to apply for supervisory writs is granted.  LIGA is

hereby given thirty days from the issuance of this opinion to file a properly

documented application for supervisory writs pursuant to Uniform Rules Courts

Appeal—Rule 4–5.

**SUSPENSIVE APPEAL DISMISSED.  MOTION TO HAVE PETITION FOR SUSPENSIVE APPEAL CONSIDERED AS A NOTICE OF INTENT TO APPLY FOR SUPERVISORY WRITS GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.