2016-0041 (La.App. 4 Cir. 12/14/16)

**Roberto LLOPIS, D.D.S.**

**v.**

**The STATE of Louisiana, Department of Health & Hospitals/The Louisiana State Board of Dentistry; C. Barry Ogden, Individually and as Executive Director, Louisiana State Board of Dentistry, Peyton "Pete" Burkhalter, Co–Executive Director, Louisiana State Board of Dentistry; Brian M. Begue, Individually and as Counsel for the Louisiana State Board of Dentistry; Dr. Rommel Madison, President; Dr. David Melancon, Vice President, State Board of Dentistry**

**NO. 2016–CA–0041**

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 14, 2016

Rehearing Denied December 27, 2016

Bobbie C. Smith, Anna M. Jackson, BOBBIE C. SMITH, LLC, 4640 South Carrollton Avenue, Suite 200–A, New Orleans, LA 70119, COUNSEL FOR PLAINTIFF/APPELLANT

Jeff Landry, Attorney General, Gregory C. Fahrenholt, Special Assistant Attorney General, CONNICK AND CONNICK LLC, 3421 N. Causeway Blvd., Suite 408, Metairie, LA 70002, Jeff Landry, Attorney General, Scott O. Gaspard, Celeste Brustowicz, Special Assistant Attorneys General, BURGLASS & TANKERSLEY,

L.L.C., 5213 Airline Drive, Metairie, LA 70001, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Chief Judge James F. McKay, III, Judge Max N. Tobias, Jr., Judge Daniel L. Dysart)

Judge Daniel L. Dysart

This is an appeal by plaintiff-appellant, Dr. Roberto Llopis, D.D.S., of a trial court judgment granting a motion for new trial, and sustaining a previously denied peremptory exception of no cause of action. As discussed more fully herein, the denial of an exception of no cause of action is an interlocutory judgment. Because there is no cognizable procedure for applying for a new trial on an interlocutory judgment, the trial court erred in considering and ruling on the motion for new trial in this case.

The proper procedure for appellate review of an interlocutory judgment, such as a denial of an exception of no cause of action, is by application for a supervisory writ. The time period for applying for a supervisory writ on an interlocutory judgment, though, is not suspended by the filing of a motion for new trial. Accordingly, unless a motion for appeal of the denial of an exception of no cause of action is filed within the time period for applying for a supervisory writ, this Court will not convert an appeal to an application for supervisory writ.

For these reasons, we vacate the judgment of the trial court and remand this matter for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

This matter has been before this Court on two prior occasions, both of which, like the instant matter, arise from Dr. Llopis' attempts to obtain a license to practice dentistry from the Louisiana State Board of Dentistry (the "Board"). According to his Petition,[1] and as this Court noted in

1. The record before us contains a First Amended Petition for Damages and a Second

the first appeal, Dr. Llopis, a dentist who had received a license in 1993, became the subject of an investigation into his professional conduct by the Board in 2003.[2] The investigation was not completed due to Dr. Llopis' being called to active military duty.[3] In 2006, Dr. Llopis surrendered his Louisiana license.[4] Thereafter, in 2010, Dr. Llopis began his efforts to become licensed once again in Louisiana.

Dr. Llopis' first appeal concerned claims against the Board, its executive director, its president and its counsel arising under the Louisiana Open Meetings Law and claims for judicial review of certain decisions of the Board. Those claims were dismissed by the trial court on exceptions of no cause of action. The trial court's judgment was affirmed by this Court. *See Llopis I.*

Dr. Llopis then filed a first amended petition on January 25, 2012 against the same parties and adding other members of the Board. This suit sought "damages allegedly suffered by Dr. Llopis when he applied for a restricted license with the Board in 2010, after having voluntarily surrendered his license to practice dentistry|₃in Louisiana in 2006." *Llopis v. Louisiana State Bd. of Dentistry*, 13–0659, pp. 1–2 (La.App. 4 Cir. 6/11/14), 143 So.3d 1211, 1212, *writ denied*, 14–1483 (La. 10/31/14), 152 So.3d 152 (*"Llopis II"*). The suit was thereafter dismissed on a motion for involuntary dismissal and an exception of insufficiency of service of process. This Court reversed the judgment and remanded the case to the trial court. *See Llopis II.*

Following remand, the defendants filed Peremptory Exceptions of Res Judicata and No Cause of Action and a Declinatory Exception of Improper Service of Actions. A hearing was held on June 4, 2015 and by judgment dated June 26, 2015, the exceptions were denied.

On July 10, 2015, the defendants filed a Motion for New Trial of the exceptions heard on June 4, 2015. The grounds asserted in the motion were that "the judgment rendered is clearly contrary to the law" and that "good ground" under La. C.C.P. Art. 1973 existed due to the fact that Dr. Llopis did not file an opposition memorandum until one day prior to the hearing (and defendants did not receive a copy of it until the hearing date). The motion was heard on August 7, 2015 and by judgment dated September 2, 2015, the trial court granted the Motion for New Trial, reversing its prior ruling and thereby sustaining the exception of no cause of action and dismissing all of Dr. Llopis' claims.

Dr. Llopis filed a Motion for Appeal on September 21, 2015.

## DISCUSSION

█ It is well settled that a trial court judgment denying an exception of no cause of action is an interlocutory judgment and not a final judgment. *Ordoyne v. Ordoyne*, 07–0235, p. 4 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, 902 ("the denial of an exception of no cause of action is a[n] interlocutory judgment"). The proper |₄procedural vehicle for seeking review of an interlocutory judgment is by application for a supervisory writ. *See Alex v. Rayne Concrete Serv.*,

---

Amended Petition for Damages which are identical, with the exception that the second amending petition clarifies Dr. Llopis' theories of the defendants' wrongdoing. They are collectively referred to herein as the "Petition."

**2.** *Llopis v. State Bd. of Dentistry*, 12–1286, p. 1 (La.App. 4 Cir. 9/12/13), 121 So.3d 1280,

1281, *writ denied*, 13–2556 (La. 1/27/14), 131 So.3d 60 (*"Llopis I"*).

**3.** *Id.*

**4.** *Id.*, 12–1286, pp. 1–2 (La.App. 4 Cir. 9/12/13), 121 So.3d 1280, 1281.

05–1457, p. 6 (La. 1/26/07), 951 So.2d 138, 144 ("an application for supervisory writs . . . is the primary means of seeking review of interlocutory judgments"); *McGinn v. Crescent City Connection Bridge Auth.*, 15–0165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148 ("an application for supervisory writ is the appropriate vehicle for the review of an interlocutory judgment"); *Mandina, Inc. v. O'Brien*, 13–0085, p. 7 (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 103 ("[t]he proper procedural device to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ"); *see also Carter v. Rhea*, 01–0234 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022.

Importantly, there is no procedure by which a party may apply for a new trial following the denial of an interlocutory judgment.

In *Carter*, for example, at issue was the timeliness of a writ application filed more than three months after the trial court's grant of a motion for summary judgment, but within thirty days of the ruling on a motion for new trial.[5] In *Carter*, this Court quoted, with approval, the Third Circuit decision of *Clement v. American Motorists Insurance Co.*, 98–504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, which involved the denial of both a motion for summary judgment and a motion for new trial. The *Clement* court noted that "[t]he denial of a motion for summary judgment is an interlocutory judgment" and not a final judgment. *Id.*, 98–504, p. 3, 735 So.2d at 671. It then noted that "[a] motion for new trial can [only] be taken from a final judgment." *Id.*, 98–504, p. 3, 735 So.2d at 672.

The *Carter* court followed *Clement*, noting that "the Clement court did not allow the filing of the motion for new trial to extend the 30–day delay from the ruling at issue established by Rule 4–3," and held:

> In the instant case, the judgment at issue is a non-final partial summary judgment, not appealable under the provisions of La. C.C.P. Art. 1915. Thus, the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30–day period for filing an application for supervisory writs established by Rule 4–3 of the Uniform Rules–Courts of Appeal. However, the provisions of the Louisiana Code of Civil Procedure are clear that motions for new trial may be taken only from a final judgment.

*Carter*, 01–0234, p. 5, 785 So.2d 1022, 1025.

We reaffirmed these principles more recently in *Daniels v. SMG Crystal, LLC*, 13–0761 (La.App. 4 Cir. 12/4/13), 128 So.3d 1272. In *Daniels*, the trial court denied an insurer's motion for summary judgment on the issue of coverage under its policy. The trial court later granted the insurer's motion for new trial and, at the same time, reversed its prior ruling and granted summary judgment in the insurer's favor. Without reaching the issue of the propriety of the trial court's ruling on coverage, this Court found that the insurer's denial of the motion for summary judgment "was an *interlocutory* order and our law recognizes no procedure for obtaining a new trial on a denial of a motion for summary judgment." *Id.*, 13–0761, p. 9, 128 So.3d at 1277 (emphasis in original). We then held

---

**5.** In *Carter*, a motion for summary judgment was heard on September 22, 2000 and judgment was rendered by the trial court on September 27, 2000. On October 30, 2000, a motion for new trial was filed by which reconsideration of the September 27, 2000 judgment was sought. The motion for new trial was denied by judgment dated December 18, 2000. On January 3, 2001, the defendants filed a notice of intent to seek supervisory writs. While the notice of intent was filed within thirty days of the denial of the motion for new trial, it was filed more than three months after the trial court's ruling on the motion for summary judgment. *Id.*, p. 3, 785 So.2d at 1024.

that the "trial court . . . erred as a matter of law by reconsidering the denial of the motion for summary judgment through the procedural vehicle of a motion for [6]new trial and in rendering summary judgment." *Id.*, 13–0761, p. 10, 128 So.3d at 1277–78.

█ We note that there are circumstances in which an appellate court may exercise its discretion "to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application." *McGinn v. Crescent City Connection Bridge Auth.*, 15–0165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148, quoting *Mandina, Inc. v. O'Brien*, 13–0085, p. 7 (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 103. We explained in *McGinn* that:

> [t]hose circumstances require that two conditions be met: (i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal. (ii) . . . [T]he circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Id.*, pp. 4–5, 174 So.3d at 148. *See also, Ramirez v. Evonir, LLC*, 14–1095, p. 5 (La.App. 4 Cir. 4/9/15), 165 So.3d 260, 263; *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 12–0906, pp. 4–5 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 563.

█ In the instant matter, there is no question that the denial of the defendants' exception was an interlocutory judgment. The defendants' recourse, at that time, would have been to apply for a writ of supervisory review of that ruling. The mo-

tion for new trial was erroneously considered and granted by the trial court given that no procedure exists for applying for a new trial following the denial of an interlocutory judgment.

Finally, we decline to exercise our discretion and convert the appeal to an application for supervisory writ, as the motion for appeal was filed beyond the thirty-day period applicable to supervisory writs as set forth in Rule 4–3 of the [7]Uniform Rules of Court.[6] That is, the judgment denying the defendants' exceptions was rendered on June 26, 2015; the motion for appeal was filed on September 21, 2015, almost three months after the trial court's June 26, 2016 judgment. The defendants' motion for new trial, filed in the interim, did not operate to suspend the time delay for applying for a supervisory writ, as per *Carter* and its progeny.

Based on the foregoing, we vacate the trial court's judgment and remand this matter for further proceedings.

**JUDGMENT VACATED; REMANDED**

2016-0323 (La.App. 4 Cir. 12/15/16)

---

6. Rule 4–3 provides that "[t]he return date in civil cases [for an application for writs] shall

not exceed 30 days from the date of the notice, as provided in La. C.C.P. Art. 1914."