JOINT SUCCESSION OF      *      NO. 2023-CA-0198
RUSSELL AND CLAIRE
CRESSON      *

     COURT OF APPEAL

VERSUS      *

     FOURTH CIRCUIT

LIBERTY MUTUAL FIRE      *
INSURANCE COMPANY      STATE OF LOUISIANA

     * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08769, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Kathleen Claire Cresson
CRESSON LAW FIRM
221 N. Clark Street - 5209
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT, JOINT SUCCESSION OF RUSSELL AND CLAIRE CRESSON

Sheri M. Morris
Evan P. Fontenot
DAIGLE FISSE & KESSENICH, PLC
8900 Bluebonnet Blvd.
Baton Rouge, LA 70810

AND

Paul R. Trapani, III
DAIGLE FISSE & KESSENICH, PLC
227 Highway 21
Madisonville, LA 70447

     COUNSEL FOR DEFENDANT/APPELLEE, STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT

     **APPEAL DISMISSED**
     **SEPTEMBER 14, 2023**

The Joint Succession of Russell and Claire Cresson filed suit against Liberty Mutual Fire Insurance Company for the loss of fair rental value of property damaged by Hurricanes Zeta and Ida, which was insured by Liberty. Liberty filed a Petition for Concursus against the Succession and the State of Louisiana, Division of Administration, Office of Community Development[1] ("OCD").

In response to the Concursus, OCD filed Exceptions of Improper Venue, Improper Cumulation of Actions, and Unauthorized Use of Summary Proceeding. During a hearing on September 16, 2022, the trial court orally granted the Exception of Improper Venue and deemed the remaining exceptions moot. Prior to the trial court signing the judgment, the Succession filed a Motion for New Trial on September 22, 2022. Before signing a written judgment on the exception, the trial court set a hearing on the Motion for New Trial on December 16, 2022. The trial court then signed the judgment granting the Exception of Improper Venue on September 29, 2022.

The trial court orally denied the Succession's Motion for New Trial on December 16, 2022, and signed a judgment on January 6, 2023. On January 19,

---

[1] Following Hurricane Katrina, Russell and Claire Cresson executed a promissory note as part of the Community Development Block Grant Program and signed the Road Home Small Rental Property Program Incentive Payment Agreement.

1

2023, the Succession filed a Motion and Order for Suspensive Appeal of the September 29, 2022 and January 6, 2023 judgments.

After the lodging of the appeal, OCD filed a Motion to Dismiss Appeal, asserting that the Motion for New Trial cannot interrupt the time delay to lengthen the amount of time for seeking a suspensive appeal and that the judgment granting the Exception of Improper Venue is interlocutory. We first address the claims raised in the Motion to Dismiss prior to delving into the substantive aspects of the Succession's appeal.

## *MOTION TO DISMISS*

The Succession seeks to appeal two judgments: 1) the September 29, 2022 judgment granting the Exception of Improper Venue, which transferred the Concursus proceeding; and 2) the January 6, 2023 judgment denying the Motion for New Trial.

### *SEPTEMBER 29, 2022 EXCEPTION OF IMPROPER VENUE*

On September 29, 2022, the trial court ruled:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that OCD's Exception of Improper Venue is **SUSTAINED**. The Concursus is transferred to the 19th Judicial District Court of East Baton Rouge Parish; however, the funds deposited by Liberty remain in the registry of this Court. This Court only ruled the Civil District Court for the Parish of Orleans is an improper venue for the Concursus.

"[A]n adverse ruling on venue is interlocutory in nature." *Blow v. OneBeacon Am. Ins. Co.*, 16-0301, p. 2 (La. App. 4 Cir. 4/20/16), 193 So. 3d 244, 247. Accordingly, this Court stated, "in order to obtain review of the ruling, the party adversely affected thereby must immediately apply for supervisory relief." *Id.*

2

Instead of seeking supervisory review, the Succession sought to appeal the September 29, 2022 judgment on January 19, 2023, after almost four months. "We note that there are circumstances in which an appellate court may exercise its discretion "'to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application.'" *Llopis v. State*, 16-0041, p. 6 (La. App. 4 Cir. 12/14/16), 206 So. 3d 1066, 1070 (quoting *McGinn v. Crescent City Connection Bridge Auth.*, 15-0165, p. 4 (La. App. 4 Cir. 7/22/15), 174 So. 3d 145, 148).

In order to convert the appeal, two conditions must be met. First, "[t]he motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal." *McGinn*, 15-0165, p. 4, 174 So. 3d at 148 (quoting *Mandina, Inc. v. O'Brien*, 13-0085, p. 8 (La. App. 4 Cir. 7/31/13), 156 So. 3d 99, 104). Second, "an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation." *Id*.

In the present matter, the judgment was rendered on September 29, 2022. The Succession did not file the Motion for Suspensive Appeal until January 19, 2023, almost four months after the judgment. Additionally, "[t]he time period for applying for a supervisory writ on an interlocutory judgment, though, is not suspended by the filing of a motion for new trial."[2] *Llopis*, 16-0041, p. 1, 206 So. 3d at 1067. Thus, the first requirement for converting the matter to an application

---

[2] "A motion for new trial filed before the signing of a final judgment is premature and without legal effect." *Carter v. Rhea*, 01-0234, p. 5 (La. App. 4 Cir. 4/25/01), 785 So. 2d 1022, 1025 (quoting *Clement v. American Motorists Insurance Co.*, 98-504, p. 3 (La. App. 3 Cir. 2/3/99), 735 So. 2d 670, 672).

for supervisory review fails. Therefore, we decline to exercise our jurisdiction and convert the appeal of the September 29, 2022 judgment to an application for supervisory review.

### *JANUARY 6, 2023 MOTION FOR NEW TRIAL*

On January 6, 2023, the trial court denied the Succession's Motion for New Trial on the Exception of Improper Venue.

"'[T]he denial of a motion for new trial is not a final, appealable judgment.'" *Everett v. Air Products & Chemicals, Inc.*, 22-0539, 22-0540, 22-0541, p. 7 (La. App. 4 Cir. 5/2/23), ___ So. 3d ___, ___, 2023 WL 3193154, *3 (quoting *New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans*, 17-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So. 3d 682, 688 n.12). "[T]he denial of a motion for new trial is . . . an interlocutory judgment." *Barham, Warner & Bellamy, L.L.C. v. Strategic All. Partners, L.L.C.*, 09-1528, p. 4 (La. App. 4 Cir. 5/26/10), 40 So. 3d 1149, 1151. Thus, an appeal is unavailable.

In order to consider converting the appeal of the January 6, 2023 judgment, we must examine the two requirements outlined in our previous section regarding the original judgment. First, the Motion for Suspensive Appeal was filed on January 19, 2023, clearly within the thirty-day time period for filing an application for supervisory review. As such, the first criteria is met.

Second, we must examine the circumstances to determine whether "an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation." *McGinn*, 15-0165, p. 4, 174 So. 3d at 148 (quoting *Mandina*, 13-0085, p. 8, 156 So. 3d at 104). We find no factors of fundamental fairness or judicial efficiency that warrant converting the appeal of

4

the January 6, 2023 judgment to an application for supervisory review. "[T]he provisions of the Louisiana Code of Civil Procedure are clear that motions for new trial may be taken only from a final judgment." *Carter v. Rhea*, 01-0234, p. 5 (La. App. 4 Cir. 4/25/01), 785 So. 2d 1022, 1025. Further, this Court reiterated and concluded "[b]ecause there is no cognizable procedure for applying for a new trial on an interlocutory judgment, the trial court erred in considering and ruling on the motion for new trial in this case." *Llopis*, 16-0041, p. 1, 206 So. 3d 1067. Accordingly, we decline to exercise our discretion and convert the appeal of the January 6, 2023 judgment to an application for supervisory review.

### *LA. C.C.P. ART. 1915(B) CERTIFICATION OF JUDGMENTS*

The Succession contends that both judgments are final and appealable because the trial court signed the Order for Suspensive Appeal, which provided that the judgments were final and appealable.

The ability for the trial court to certify judgments as final is outlined in La. C.C.P. art. 1915(B), which states:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court signed the order created by the Succession, which included the following language:

5

## ORDER

**IT IS ORDERED** that plaintiff's motion is granted and that an application for appeal be filed in the Fourth Circuit Court of Appeal for the State of Louisiana, on or before the 31st day of March, 2023, or as allowed by law, and that all proceedings herein be stayed pending final determination of plaintiffs application.

IT IS ALSO ORDERED that Plaintiffs Motion to certify the judgments as final is granted ex parte and that said Judgments are designed as a final judgment for purpose of appeal, as there is no further reason for delay.

And this Court will timely give its written reasons, as requested

Finally, this Court sets the security in the amount of $1,500.00.

"However, a trial court's certification pursuant to La. C.C.P. art. 1915(B) is not determinative of jurisdiction." *McGaha v. Franklin Homes, Inc.*, 21-0244, p. 23 (La. App. 4 Cir. 2/4/22), 335 So. 3d 842, 857, *writ denied*, 22-00374 (La. 4/26/22), 336 So. 3d 897. "Rather, an appellate court has a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court." *Id.*, 21-0244, pp. 23-24, 335 So. 3d at 858.

This Court previously expounded that "[a] trial court's certification of an interlocutory judgment as 'final' pursuant to La. C.C.P. art. 1915(B)(1) does not transform the interlocutory judgment into a judgment subject to an immediate appeal." *Id.*, 21-0244, pp. 24-25, 335 So. 3d at 858. This Court then determined that no appeal would lie and did not convert the appeal to an application for supervisory review because the motion for appeal was filed outside of the thirty-day period for seeking supervisory review. *Id.*, 21-0244, pp. 25-26, 335 So. 3d at 858-59.

The Succession did not file a Motion for Suspensive Appeal until almost four months after the September 29, 2022 judgment was rendered. Therefore, the

6

extensive delay does not support a conversion to supervisory writ. Furthermore, even if the judgment was final, the time delays for requesting a suspensive or devolutive appeal long expired during the almost four-month delay. *See* La. C.C.P. art. 2123 and 2087.

As to the January 6, 2023 judgment denying the Motion for New Trial, we previously characterized the judgment as interlocutory. As stated in *McGaha*, certification does not transmute the interlocutory judgment into a final, appealable judgment. 21-0244, pp. 24-25, 335 So. 3d at 858. Moreover, we held that "the denial of a motion for new trial is not subject to designation as a final judgment." *Shelton v. Pavon*, 16-0758, p. 2 (La. App. 4 Cir. 2/15/17), 212 So. 3d 603, 606. *See also Boquet v. Boquet*, 18-105, p. 4 (La. App. 3 Cir. 3/21/18), 241 So. 3d 1127, 1130 ("an order denying a motion for new trial is interlocutory and is incapable of being appealed, even if the trial court attempts to designate the ruling as final and appealable"). Accordingly, we find the Succession's assertions that the judgments are final and appealable lack merit. The appeal is dismissed.

## *DECREE*

For the above-mentioned reasons, neither judgment appealed by the Succession was final and appealable. As such, OCD's Motion to Dismiss is granted. The appeal is dismissed.

**APPEAL DISMISSED**

7