# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-296

**FESTUS OGBEBOR, INDIVIDUALLY AND
ON BEHALF OF HIS DECEASED WIFE,
MARY OGBEBOR**

**VERSUS**

**LAFAYETTE GENERAL MEDICAL CENTER, ET AL.**

**********

ON APPLICATION FOR SUPERVISORY WRITS
FIFTEENTH JUDICIAL DISTRICT COURT
LAFAYETE PARISH, LOUISIANA
DOCKET NUMBER C-2016-3574 "I"
HONRABLE THOMAS J. DUPLANTIER, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Van H. Kyzar, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Charles J. Boudreaux, Jr.**
**Louis Simon II**
**Jones Walker LLP**
**600 Jefferson, Suite 1600**
**P.O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**ATTORNEYS FOR DEFENDANTS/APPLICANTS**
    **Dr. Louis Salvaggio**
    **Dr. Nick Cavros**

**S. Douglas Busari**
**S. Douglas Busari & Associates, LLC**
**506 East Green Street**
**Tallulah, LA 71282**
**(318) 574-2955**
**ATTORNEYS FOR PLAINTIFF/RESPONDENT**
    **Festus Ogbebor, Individually and on behalf**
    **of his deceased wife, Mary Ogbebor**

**GREMILLION, Judge.**

Defendants/Applicants, Dr. Louis A. Salvaggio and Dr. Nick G. Cavros (Applicants), seek supervisory review from the judgment of the district court granting a motion for new trial filed by Plaintiff, Festus Ogbebor, individually and on behalf of his deceased wife, Mary Ogbebor. For the reasons that follow, we grant the writ and make it peremptory.

### FACTS AND PROCEDURAL POSTURE

On June 21, 2013, Mrs. Ogbebor presented to the emergency room of Lafayette General Medical Center (LGMC) in Lafayette with complaints of anterior chest discomfort with bilateral arm discomfort, shortness of breath, and sweating. Following an EKG and a chest x-ray, Dr. Salvaggio performed a procedure on Mrs. Ogbebor in the cardiac catheterization laboratory (cath lab) of LGMC. Later that same day, Mrs. Ogbebor was taken back to the cath lab at the direction of Dr. Cavros after she was found to have "a totally occluded first obtuse marginal, status post recent PCI of the vessel with drug[-]eluting stint [sic]." Dr. Cavros performed another procedure which included the placement of an aortic balloon pump. Dr. Cavros discharged Mrs. Ogbebor on July 2, 2013. On July 4, 2013, at 5:37 a.m., Mrs. Ogbebor returned to the LGMC emergency room with complaints of severe chest pain. The cath lab was not notified of her condition until 6:11 a.m. Mrs. Ogbebor passed away at 6:31 a.m.

Festus Ogbebor, Mrs. Ogbebor's husband, timely filed a request for review by a medical review panel[1] regarding the care administered by Applicants. The medical review panel concluded that the evidence submitted in support of the claim

---

[1] Additional defendants, LGMC and Dr. Philip Ralidis, were named in the medical panel review request and the suit later filed against Dr. Salvaggio and Dr. Cavros. This writ application does not involve LGMC or Dr. Ralidis.

did not show that Dr. Salvaggio or Dr. Cavros breached the applicable standards of care.

On July 6, 2016, Mr. Ogbebor filed suit against Applicants, LGMC, and Dr. Phillip Ralidis, asserting medical malpractice claims on behalf of Mrs. Ogbebor and himself arising from her death. Applicants answered Mr. Ogbebor's suit on July 26, 2017, and thereafter filed a motion for summary judgment on August 16, 2017. Mr. Ogbebor filed an opposition to the motion for summary judgment to which he attached the curriculum vitae of his expert, Dr. David Korn. Three days before the hearing on the motion for summary judgment, Mr. Ogbebor filed a letter prepared by Dr. Korn in which he opined that Applicants breached the standard of care applicable to Mrs. Ogbebor's symptoms and medical condition.

Applicants asserted in their motion that Mr. Ogbebor's claims against them should be dismissed because he did not have an expert witness to rebut the experts on the medical review panel. At the summary judgment hearing, counsel for Mr. Ogbebor argued that he did not have an affidavit from Dr. Korn because he did not believe the expert he initially retained could withstand a challenge of her credentials under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993). At the conclusion of the hearing, the trial court granted summary judgment dismissing Mr. Ogbebor's claims against Applicants because he had failed to produce an affidavit by Dr. Korn supporting his claims.

Mr. Ogbebor filed a motion for new trial, asserting that he had new evidence that warranted the grant of his motion as provided in La.Code Civ.P. art. 1972. At the hearing on the motion for new trial, Mr. Ogbebor produced an affidavit executed by Dr. Korn. Applicants argued that the affidavit was not new evidence because Mr. Ogbebor obtained and submitted a letter opinion by Dr. Korn before the hearing on the motion for summary judgment. Mr. Ogbebor argued to the trial court that he did

not get an affidavit from Dr. Korn, because there "was a national disaster," "so much of [a] national event, everyone in the country knows about it." The trial court granted the new trial, finding Dr. Korn's affidavit "to be new evidence and that it was beyond [Mr. Ogbebor's] control . . . to provide that."

## ANALYSIS AND DISCUSSION

"Our jurisprudence clearly establishes that the grant of a motion for new trial is a not a final, appealable judgment, but rather, an interlocutory judgment[.]" *McGinn v. Crescent City Connection Bridge Auth.*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148. *See also*, La.Code Civ.P. arts. 1841, 1915. Generally, the proper procedural vehicle for the review of an interlocutory judgment is an application for supervisory writs. *McGinn*, 174 So.3d 145. The reversal of the trial court's grant of a new trial would result in dismissal of Mr. Ogbebor's claims against Applicants.

A plaintiff's burden of proof in a medical malpractice action is three-fold. He must present evidence establishing the applicable standard of care, a breach of the standard of care, and a causal connection between the breach and the injury. La.R.S. 9:2794; *Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228. As a general rule, expert testimony is required to establish the applicable standard of care and whether that standard was breached, unless the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880 (citing *Pfiffner*, 643 So.2d 1228).

In their motion for summary judgment, Applicants asserted that the opinions of the medical review panel established that Mr. Ogbebor could not meet his burden of proving the three elements of his malpractice claim without expert medical testimony. Applicants further asserted that although Mr. Ogbebor responded to

year-old discovery requests in September 2017, he did not identify an expert or submit an expert opinion.

The hearing on the motion for summary judgment was held November 20, 2017. The trial court determined that because Mr. Ogbebor filed Dr. Korn's letter less than fifteen days before the hearing, it was not timely under La.Code Civ.P. art. 966(B)(2). The trial court further determined that Dr. Korn's letter opinion did not satisfy the evidentiary requirements of La.Code Civ.P. art. 966(A)(4), which provides, "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Therefore, the trial court granted summary judgment in favor of Applicants and dismissed Mr. Ogbebor's claims against them.

Mr. Ogbebor filed a motion for new trial based on La.Code Civ.P. art. 1972's provision that a new trial shall be granted when "evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial" is discovered "since the trial." La.Code Civ.P. art. 1972(2). Additionally, a "new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." La.Code Civ.P. art. 1973. Mr. Ogbebor's motion for new trial asserted in argument that the basis for his motion was his contention that a hurricane prevented him from timely obtaining and filing an affidavit by Dr. Korn. The trial court acknowledged that the record established that Mr. Ogbebor retained and identified Dr. Korn as his expert prior to the hearing on Applicants' motion for summary judgment but explained that Mr. Ogbebor also had to show why he had not filed an affidavit before the hearing on the motion for summary judgment. Counsel for Mr. Ogbebor responded:

4

[I]t was a national disaster on country [sic] . . . Everyone was quite aware of that, Judge. That was the reason why we . . . didn't get the affidavit. We could have done it, you know, got the affidavit if, clearly, it was thought that, you know, that it was required, but because it was so much of [a] national event, everyone in the country knows about it right after the one in Texas, so we are sure the Court was quite aware of that, Your Honor.

The fifth circuit addressed the requirements of a successful motion for new trial on the basis of new evidence in *Burns v. Sedgwick Claims Management Services*, 14-421, p. 11 (La.App. 5 Cir. 11/25/14), 165 So.3d 147, 155(citations omitted), where it explained:

> The moving party bears the burden of proving that there are adequate grounds for a new trial. When a claim is made that a new trial is warranted due to newly discovered evidence, there must be a clear showing, not only that the evidence was discovered after the conclusion of the proceedings, but that every reasonable and diligent effort was made to procure it before the proceedings.

*See also, Holloway Drilling Equip., Inc. v. Bodin*, 12-355 (La.App. 3 Cir. 11/7/12), 107 So.3d 699. The trial court's grant of a motion for new trial is reviewed under the abuse of discretion standard of review. *Id.*

Mr. Ogbebor acknowledged that his expert witness was not newly-discovered evidence but argued that a hurricane prevented him from obtaining an affidavit from Dr. Korn and filing it as required by La.Code Civ.P. art. 966. He did not, however, present any evidence supporting this claim. Mr. Ogbebor did not identify the hurricane/national disaster that prevented him from obtaining Dr. Korn's affidavit nor describe how the hurricane/national disaster prevented him from obtaining the affidavit. The existence of a hurricane/national disaster alone does not satisfy Mr. Ogbebor's burden of proof. Mr. Ogbebor did not establish that a hurricane/national disaster prevented Dr. Korn from preparing, executing, and forwarding an affidavit to him before the hearing on the motion for summary judgment. Indeed, he admitted that "we could have . . . got [sic] the affidavit if [we

thought] that it was required," but then implied that he thought the requirement would not apply because of the "national event."

Mr. Ogbebor obtained an affidavit from Dr. Korn for the hearing on his motion for new trial that addressed the merits of his claims against Applicants. Nonetheless, the transcript shows that Dr. Korn did not explain in his affidavit that a hurricane/national disaster prevented him from providing Mr. Ogbebor an affidavit before the hearing on the motion for summary judgment. Accordingly, Mr. Ogbebor did not establish that Dr. Korn's affidavit was newly-discovered evidence or that a hurricane/national disaster excused his failure to timely obtain an affidavit from Dr. Korn.

For these reasons, we find that the trial court abused its discretion in granting Mr. Ogbebor's motion for new trial. Applicants' writ is granted, the trial court's ruling reversed, and the judgment granting summary judgment in favor of Applicants is reinstated. All costs of this proceeding are taxed to Plaintiff/Respondent, Festus Ogbebor, individually and on behalf of his deceased wife, Mary Ogbebor.

**WRIT GRANTED AND MADE PEREMPTORY.**