NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 25-141 consolidated with CA 25-142

SUCCESSION OF GLENDA S. LOVE

consolidated with

PAMELA R. CLARK (F/K/A SMITH)
INDEPENDENT EXECUTRIX OF THE SUCCESSION
OF GLENDA S. LOVE

VERSUS

RANDY AND SEBRINA MCLAUGHLIN

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 46,172 C/W 275,419
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Wilbur L. Stiles, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Pamela R. Clark**
**In Proper Person**
**512 A County Road 1114**
**Hemphill, TX 75948**
**(000) 000-0000**
**COUNSEL FOR APPELLEE:**
    **Pamela R. Clark**

**Stacy Christopher Auzenne**
**Auzenne Law Firm**
**P. O.  Box 11817**
**Alexandria, LA 71315**
**(318) 880-0087**
**COUNSEL FOR APPELLANTS:**
    **Randy McLaughlin**
    **Sabrina McLaughlin**

**Kyzar, Judge.**

On March 10, 2025, this court issued, *sua sponte*, a rule ordering the Defendants-Appellants, Randy and Sabrina McLaughlin, to show cause, by brief only, why the appeal in this matter should not be dismissed as having been taken from a non-appealable, interlocutory order. Plaintiff filed a response to the rule. For the reasons given herein, we dismiss the appeal.

This matter began as a probate proceeding when Pamela Clark probated a copy of a 2016 will executed by her mother, Glenda Love. That will divided her estate equally among her children, Pamela and Randy, and made Pamela executrix of the estate. Randy alleges that, just months prior to her death, Glenda executed a seperate olographic will leaving her entire estate to him. In the trial court below, the court initially ruled that the olographic will would be probated. Pamela filed a motion for new trial, which was denied by the trial court. She sought supervisory writs from that decision from this court, which were also denied. However, when Pamela filed another motion for new trial, claiming expert testimony was needed regarding a challenge to Glenda's handwriting on the purported olographic will, the trial court granted a new trial. From that decision, Randy and his wife, Sabrina, seek the current appeal.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment. In response to the rule to show cause, Defendants-Appellants filed a response brief wherein they conceded "some courts may find this to be an Interlocutory Ruling." This court is one of those courts. As noted in *Ogbebor v. Lafayette Gen. Med. Ctr.*, 18-296, p.3 (La.App. 3 Cir. 8/1/18), 252 So.3d 1019, 1021 (quoting *McGinn v. Crescent City Connection Bridge Auth.*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148), *writ denied*, 18-1473 (La. 11/20/18), 256 So.3d 988: "[o]ur jurisprudence clearly establishes that the grant of a motion for new trial is

a not a final, appealable judgment, but rather, an interlocutory judgment." See also *Simmons v. Beauregard Par. Sch. Bd.*, 284 So. 2d 668, 669 (La. Ct. App. 1973)("Our jurisprudence is clear that a judgment granting a new trial is neither a final judgment nor an interlocutory judgment which causes irreparable injury); La.Code Civ.P. arts. 1841, 1915.

Thus, no issues regarding the motion for new trial are properly before this Court on appeal. Accordingly, any allegations of error concerning that motion for new trial cannot be considered and this appeal must be dismissed.

However, we note that Defendants-Appellants filed their motion to appeal within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4–3. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the motion for appeal as a notice of intent to file for supervisory writs. The appeals in docket numbers 25-141 and 25-142 are hereby dismissed, and Appellant is given until April 28, 2025, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**